# SUPREME JUDICIAL COURT,

FOR THE

## EASTERN DISTRICT,

## 1852.

## COUNTY OF AROOSTOOK.

ELEAZER PACKARD & *als. versus* INHAB'TS OF NEW LIMERICK.

A town is not responsible for the failure of title to land sold and conveyed by their collector for town taxes.

Taxes upon the land, having been once paid by the money received upon such a sale, cannot be re-assessed, although, through deficiency in the proceedings, either of the assessors or of the collector, the title of the owner was not impaired by the sale.

The risk of title in such sales is upon the collector and the purchaser.

It is upon the purchaser, except so far as he may be protected by covenants of the collector.

For the breach of such covenants, there is no recourse to the town. The remedy is only upon the collector personally.

Where a judgment against a town was satisfied by the collector, out of money received by him upon a sale of land for taxes, and the purchaser failed to get title, through want of authority in the collector to make the sale, such failure confers no right to revive the judgment.

Packard *v.* New Limerick.

ON FACTS AGREED.

The County Commissioners had established a public road through the defendant town, and had appointed a committee to enter into contracts for making and opening the same. The committee made a contract with these plaintiffs for building a part of it, and with other persons for building the residue. Whereupon the County Commissioners adjudged, that the town should pay a specified amount, being the sum requisite for paying the contractors and for expenses and costs, and issued a warrant of distress against the town for the amount, directed to the sheriff, commanding him to collect the same and pay to the county treasurer. Packard, one of these plaintiffs, assigned his contract to William Webster.

The town voted to raise the money by a tax. An assessment was accordingly made and committed to one Spooner, as collector.

The tax assessed upon twenty-six lots of land not having been paid to Spooner, he sold the same at public auction. They were bid off by Webster, to whom Spooner made deeds of conveyance. Webster paid the purchase by furnishing a certificate from Packard, that he had received the amount from the county treasurer in part payment of the warrant of distress. The residue of the warrant of distress was paid from other sources, except that the sheriff's fee is yet undischarged, and the sheriff accordingly returned the precept fully satisfied, with that exception.

The plaintiffs now contend that the collector's sale passed no title to the purchaser, because of some illegalities in the tax proceedings and sales. The facts in that respect are spread before the Court for their adjudication.

This is an action of debt to revive so much of the original judgment of the County Commissioners against the town as the twenty-six lots were sold for by the collector, there being that deficiency in the *actual* receipts upon the warrant of distress.

*Chase* and *Hodgdon & Madigan*, for the plaintiffs.

*A. Sanborn*, for the defendants.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

SHEPLEY, C. J. — Upon a warrant of distress issued by the County Commissioners, in favor of the treasurer of the county against the inhabitants of the town, for the amount remaining unpaid to the plaintiffs and others, for opening and making a highway in the town, the sheriff of the county returned, under date of April 2, 1842, that he had received the contents, and that he returned the same satisfied except for his fees.

The treasurer of the county appears to have given receipts to the sheriff, stating that he had received of him at different times a large proportion of that amount. Eleazer Packard, one of the plaintiffs, gave receipts to the treasurer of the county for the amounts received by him, stating them to have been received in part payment for the labor of the plaintiffs in opening and making the highway. The contract for doing this appears to have been assigned by Packard alone to William Webster.

The action is debt upon the judgment of the County Commissioners, upon which that warrant of distress was issued.

The ground, upon which the plaintiffs claim to recover, is, that payment was not made in cash to the sheriff for a large part of the amount due upon that warrant; that an assessment was made upon the property liable to assessment in the town; that Charles Spooner, acting as a collector of taxes for the town, advertised and sold at auction, for neglect of payment of the sums assessed upon them, twenty-six lots of land and conveyed them by deeds to William Webster, who paid the amount bid for them to the collector, by procuring Packard's receipt to the county treasurer, that he had received that amount in part payment of the warrant of distress; that the taxes upon those lots were not legally assessed; that Spooner was not legally chosen collector or constable; and that Webster acquired no title to the lands conveyed by Spooner to him.

When a collector of taxes makes sale of lands assessed in a town for a sufficient amount to pay the taxes and expenses,

Packard *v.* New Limerick.

and receives that amount from the purchaser, all further claim upon the lands or the owner of them for those taxes, is extinguished, whether the title conveyed to the purchaser be or be not a legal one. The town can only claim payment from its collector to whom the taxes have been committed for collection. Its connexion with the sale and its proceedings ceases. It cannot be permitted to collect those taxes again upon the ground, that its collector was not legally chosen or qualified. The risk respecting the title and proceedings rests upon the collector and purchaser. When the purchaser acquires a good title, he is compensated for his risk, by being allowed at the rate of twenty per cent. for the use of his money, if the lands are redeemed, and if they are not, by becoming the owner of the lands, usually, for a small part of their value. When the title does not prove to be good, he may be subjected to a loss of the amount paid for it. The town assumes no part of the risk, and does not become responsible for the goodness of the title conveyed to the purchaser, who must rely upon the covenants contained in the deed of the collector. The lands sold not being the property of the town, it can derive no benefit from a failure of the title of the purchaser. If required to compensate the purchaser for his loss of title, it would lose the amount of the taxes assessed upon the lands, and the risk respecting the title would be shifted from the purchaser, who had been paid for assuming it, to the town, which might be subjected to numerous suits, and be unable to know the actual condition of its financial concerns.

A collector is authorized to receive payment for land sold to collect the taxes assessed upon it in cash only, and he becomes accountable to the town for cash. If by any arrangement between him and the purchaser payment is made otherwise, that is a matter with which the town has no connection, and for which it is not responsible.

If in this case the purchaser of the lands had paid the amount bid for them in cash to the collector, and that amount had been paid in cash by the collector to the treasurer of the

town, and by him to the treasurer of the county, who had paid it to the purchaser on account of the amount due him for opening and making the highway, and the purchaser of the lands had failed to acquire any title, he could not reclaim the amount of money paid to the collector without making the town, upon principle, responsible to every purchaser of lands sold for the collection of its taxes, for the goodness of the title conveyed to him. The supposed course of proceedings differs from the actual one only, that instead of passing the purchase money from one to another, the person to pay and the person entitled finally to receive the money, being the same, receipts were made and delivered for it to the respective parties, who were entitled to receive it.

This mode of transacting the business for their convenience cannot vary the legal rights of the parties or impose upon the town a responsibility never assumed.

It will not be necessary to consider the other points presented.                                    *Plaintiffs nonsuit.*