EDMUND LINDSEY, Appellant, v. BOONE COUNTY, IOWA.

Tax Sale: RECOVERY OF PURCHASE PRICE. Money paid by a purchaser for land so imperfectly listed as to carry no title can not be recovered of the county, in the absence of statute; and section 899, Code, allowing such recovery where land is sold by reason of error in describing it in the *tax receipt*, is not applicable.

SAME: SUBSEQUENT TAXES. Money voluntarily paid by the holder of a tax sale certificate for legally assessed subsequent taxes, can not be recovered, in the absence of fraud or mistake.

*Appeal from Boone District Court.*—HON. S. M. WEAVER, Judge.

FRIDAY, OCTOBER 12, 1895.

ACTION at law to recover the amount of plaintiff's bid at tax sale for certain property alleged to have been defectively described in the tax list and in the certificate issued to him, and the amount of subsequent taxes paid by him as purchaser of the property sold for taxes. The case was tried to the court without a jury, judgment rendered for defendant, and plaintiff appeals. *Affirmed.*

*Jordon & Brockett* and *Crooks & Snell* for appellant.

*J. R. Whitaker* for appellee.

DEEMER, J.—At the regular tax sale in Boone county held on December 7, 1885, the plaintiff pur-. chased a tract of land, described as follows, to wit: "The S. E. pt. of lot 2, in block 81, in Boone county, Iowa"—paid the treasurer two dollars and one cent, the amount of the delinquent taxes assessed against it for the year 1884, and received a certificate of purchase describing the land in accordance with the assessment. Thereafter, and on the sixth day of April, 1886, plaintiff paid the amount of taxes assessed against the land for the year 1885, including the sum of one hundred, nine dollars and eighty cents of personal tax against one Shepard, in whose name the land was assessed for that year. In this action plaintiff seeks to recover the amount of his bid at tax sale, and the subsequent taxes paid by him, on the theory that the description of the land in the tax list and in his certificate of purchase is so indefinite and uncertain that he obtained nothing by his purchase, and should be permitted to recover from the county the amount he has paid. The plat of the city of Boone shows block number 81 to be subdivided into lots, as appears in the following diagram:

The right of way of the Chicago & Northwestern Railway crosses what is known as "Lot 2" in such a way as to leave a triangular piece of ground in the southeast corner, which is evidently the tract of land intended to be covered by the assessment. In the view we take of the case, however, it is unnecessary to determine whether the description is sufficient or not. If the description is so uncertain and indefinite as that it does not carry the title in the property to the purchaser, he can not recover, unless it be by virtue of some statute authorizing such recovery. The doctrine of *caveat emptor* applies to such sales, in its fullest force. Cooley, Tax'n, p. 572; *Lynde v. Inhabitants of Melrose,* 10 Allen, 49; *Packard v. New Limerick,* 34 Me. 266; *Board v. Armstrong,* 91 Ind. 528; authorities collected in 20 Cent. Law J. 224; *State v. Casteel,* 11 N. E. Rep. (Ind. Sup.) 220. In the last named case it is said: "It is a firmly settled general rule that a purchaser at a tax sale buys at his own risk, and that if the sale proves ineffectual he can not, in the absence of an express statute, recover from the county the amount paid by him. The payment is regarded as a voluntary one, and he assumes all risks; for, as in judicial sales, there is no warranty in tax sales. Where an action is brought to recover money paid on the purchase of property at a sale, the party asking that it be

refunded must show a statute providing that it shall be paid back to him." See, also, 2 Blackw. Tax. Titles, section 1005.

Turning, then, to our statutes, which must furnish the basis of plaintiff's recovery, we find section 899 of the Code provides: "When by mistake or wrongful act of the treasurer, land has been sold on which no tax was due at the time, or whenever land is sold in consequence of error in describing such land in the tax receipt, the county is to hold the purchaser harmless by paying him the amount of principal and interest and costs to which he would have been entitled had the land been rightfully sold." It is apparent that there was no land sold by mistake or wrongful act of the treasurer, on which no tax was due. The taxes were due on the land which it was intended by the taxing power to cover by the description appearing upon the tax list, and the treasurer made no mistake in selling the land. The error, if any, was in the description of the land made by the assessor or county auditor, whose duty it was to properly describe it. It is equally clear that the land was not sold in consequence of an erroneous description thereof in the tax receipt. The fact that there is an uncertain description of the land in the certificate of purchase given to the buyer does not authorize a recovery from the county of the amount paid by him at the tax sale. His remedy is entirely different. The tax receipt referred to in the section above quoted is manifestly not the certificate of purchase given by the county treasurer to the purchaser at the tax sale, for in no sense can it be said that the evidence of purchase given to the buyer is the cause of the sale. The receipt referred to is evidently the tax receipt referred to in section 867 of the Code of 1873, which the treasurer is required to give the taxpayer upon the receipt of the amount of his taxes. But, whether this is the one referred to or not, it is clear that

the certificate of purchase given to the purchaser at tax
sale can not, by any process of construction, be tor-
tured into the tax receipt referred to in the section
quoted, for a mistake in this certificate could not be
the cause for a sale of the property.  Obviously, this
statute does not authorize a recovery from the county,
by a tax sale purchaser, of the amount paid by him in
the purchase of property for delinquent taxes, where
the land is so indefinitely described on the assessment
rolls that it does not carry the title; and, as this is the
only statute allowing recovery from the county of the
amount paid at tax sales, plaintiff must fail.

The subsequent taxes paid by plaintiff were entirely
voluntary, and the law is well settled that taxes volun-
tarily paid can not be recovered back.  *Espy v.
Town of Ft. Madison*, 14 Iowa, 226; 18 Am. and
Eng. Encyclopedia of Law, 220, and cases cited.
The evidence shows that plaintiff purchased at the tax
sale lot 3, block 81; northwest part of lot 4, block 81;
lots 6 and 7, block 81; and southeast part of lot 8,
block 81,—all assessed to Shephard and Clark for the
year 1884.  Thereafter he wrote the county treasurer
to know the amount of taxes assessed against all the
property he had purchased, and in response thereto the
treasurer gave him the aggregate amount.  Plaintiff
thereupon remitted the sum named, to the treasurer,
which included not only the tax against the real prop-
erty itself, but also the amount of taxes assessed against
the personal property of one W. C. Shephard, in whose
name the real estate was assessed for the year 1885.  It
is quite clear that the section heretofore quoted does not
cover the subsequent taxes paid by the purchaser at the
tax sale.

The only other section of the Code which can have
any relevancy to the case is section 870, which provides
that "the board of supervisors shall direct the treasurer
to refund to the taxpayer, any tax, or any portion of a

tax found to have been erroneously or illegally exacted or paid, with all interests and costs actually paid thereon.'' Our statutes provide that taxes due from any person upon personal property shall be a lien upon any real property owned by such person, or to which he may acquire a title; and it is the duty of the auditor to enter the valuation of the personal property, and amount of taxes due thereon, upon the tax books, against the owner of the land. Sections 837, 865. These personal taxes were not, then, either erroneously or illegally exacted or paid. They were liens upon the real estate which was owned by W. C. Shephard, which plaintiff purchased, or thought he had purchased, at tax sale. The county treasurer, upon request, gave plaintiff the amount of taxes assessed against this land, and plaintiff voluntarily paid it. These personal taxes were due the county, were a lien upon the land which plaintiff purchased, or attempted to purchase, were paid without compulsion or protest, and there can be no recovery of them from the county.

The conclusion reached in this case is not a hard one. It results from the application of well established rules of law. A purchaser at tax sale must beware. The description of the premises is open to his inspection, and he buys just such as the county offers to give. If it is not sufficient to carry the title, he need not buy. So, with reference to the subsequent taxes, he has the right to pay them, but is not compelled to do so. If he does the payment is voluntary, and no action will lie to recover them back. The subsequent taxes were not paid through a mistake, nor was there any fraud in the transaction. We think the conclusions of the learned district judge were correct, and the judgment is AFFIRMED.