IN the INTEREST OF G.L.K., a/k/a J.L.K., a child under the age of 18: K.K., Appellant,

v.

STATE of Wisconsin, Respondent. [Case No. 89–0936.]

IN the INTEREST OF M.B.K., a child under the age of 18: K.K., Appellant, †

v.

STATE of Wisconsin, Respondent. [Case No. 89–0937.]

IN the INTEREST OF A.K., a child under the age of 18: K.K., Appellant,

v.

STATE of Wisconsin, Respondent. [Case No. 89–0938.]

Court of Appeals

*Nos. 89-0936, 89-0937, 89-0938. Submitted on briefs October 17, 1989.—Decided November 8, 1989.*

(Also reported in 450 N.W.2d 498.)

† Petition to review denied.

245

On behalf of the appellant, the cause was submitted on the briefs of *Marla J. Stephens,* assistant state public defender.

On behalf of the respondent, the cause was submitted on the brief of *Peggy A. Hans-Kotkin,* assistant corporation counsel.

On behalf of the appellant, the cause was submitted on the brief of *Robert C. Kupfer,* guardian ad litem.

Before Brown, P.J., Scott and Nettesheim, JJ.

BROWN, P.J. K.K. appeals an extension of CHIPS (Children in Need of Protection or Services) orders concerning her three children. She argues that the trial court lost competency to extend the orders because it failed to either conduct a hearing on the extension petition or temporarily extend the CHIPS orders before they expired. She acknowledges that this issue was not raised in the trial court but relies upon a recent court of appeals decision in arguing that issues of this nature may be raised for the first time on appeal. We disagree. We rule that the decision relied upon is inapposite and affirm on the basis that the issue was waived.

The recent court of appeals decision is *In re L.M.C.,* 146 Wis. 2d 377, 432 N.W.2d 588 (Ct. App. 1988). The

case involved an original CHIPS order and a series of extensions. The trial court in that case dismissed the extension petition before it on grounds that there had been a one-year "gap" in a prior extension order because that earlier petition was a day late. The court of appeals reversed, holding that although the earlier extension was invalid, the parents were precluded from challenging the court's competency to proceed because the issue had not been timely raised in previous proceedings.

In deciding the issue, the court stated:

> [B]ecause the parents could have litigated the trial court's competency to extend the dispositional order in 1986 and failed to do so either before the trial court at the time or *by an appeal,* they are precluded from raising the question in this litigation. [Emphasis added.]

*Id.* at 396, 432 N.W.2d at 596–97.

K.K. argues that the language in *L.M.C.* means that all questions regarding competency of the trial court to proceed because of failure to follow statutory time constraints may be raised for the first time on appeal.

We refuse to read the language in *L.M.C.* so literally where that court was addressing a fact situation so different from this case. *L.M.C.* involved parents attempting to relate back to an irregularity in an extension where the time for appeal of that extension had long expired. By writing that the parents could have litigated the issue in the trial court *or* by appeal, the court in *L.M.C.* was merely recognizing that the appeals court, at its discretion, could reach the merits even if there was waiver, since waiver is an administrative rule. *Wirth v. Ehly,* 93 Wis. 2d 433, 444, 287 N.W.2d 140, 145–46 (1980).

We do not read *L.M.C.* to say that this type of issue may be raised for the first time on appeal. That kind of statement would be contrary to the common law of this state dating back to at least 1856. *See Wooster v. Northrup,* 5 Wis. 245, 257 (1856). To have departed from that common law would surely have necessitated an explanation of "why." That does not appear in the decision. Nor does K.K. provide us with any reason *why* this type of issue should be allowed to be raised for the first time on appeal when no other issue may be so raised absent questions of subject matter jurisdiction. We conclude that K.K. cannot avail herself of the language in *L.M.C.*

Therefore, we hold that when K.K. did not raise the competency issue after the extension hearing took place following the expiration of the original disposition, she waived the issue. We are not bound to address the merits. Additionally, we decline to exercise our discretion to address the merits in this case. Despite an apparent technical violation of the statutory time limits, K.K. received a fair hearing with counsel present. We also observe that the trial court appears to have delayed matters only for the purpose of obtaining relevant medical reports. The result does not offend the ends of justice.

*By the Court.*—Orders affirmed.