ESPY v. THE TOWN OF FORT MADISON.

1. MISTAKE. Money paid to a municipal corporation for taxes, under a mistake as to the validity of the law under which the assessment was made, cannot be recovered in an action by the payor against the corporation: following *Kraft* v. *The City of Keokuk, ante.*

*Appeal from Lee District Court.*

FRIDAY, DECEMBER 5.

*Espy, pro se.*

*J. M. Beck* for the appellee. ·

Espy v. The Town of Fort Madison.

LOWE, J.— This cause was submitted to the court below, upon the following state of facts : "By an act of the Legislature, the authorities of said town were authorized to extend the boundaries of said town. In pursuance of which act, the Mayor and Aldermen, by proper ordinance, extended the limits so as to embrace the lands described in plaintiff's petition, which lands are unimproved, broken and hilly, and entirely outside the limits of any improvements of the town of Fort Madison as a town, nor were said lands laid out into lots or streets, or were there any improvements of any kind made upon the same. Plaintiff paid the taxes, (to recover back which this suit is brought,) as he did all his other taxes, to the collector, without any protest as to their illegality or want of authority in their assessment and levy, the same being for corporation purposes. By statute, the county treasurer is made collector of the corporation taxes, to whom the same was paid. The payment was made as aforesaid, without protest, and also without any personal demand therefor by the collector, but pursuant to the requirements of the ordinances of said town of Fort Madison, requiring them to be paid when due, no warrant or process having been issued for their collection, and without any mistake of fact on the part of plaintiff. The lands adjoin to the limits of the town as they were before the extension of its limits, and are in the road district of said town, but no roads, streets or alleys are opened to or on it. The lands were assessed by the acre, and lie in Washington township; the taxes were levied as required by the charter and ordinances of said town of Fort Madison, and all proceedings in the levy were regular under said ordinances. The amounts of the taxes are shown by the annexed statement, which is made a part hereof. Dec. 20th, 1861.

THOMAS S. ESPY, plaintiff.
J. M. BECK, for defendant.

*Statement of corporation taxes paid by T. S. Espy, for the years, 1855, 1856, 1857, on the following described lands, to wit:*

E. ½ S. W. ¼ Sec. 34, T. 68, R. 4 — 81.

S. E. Cor. W. ½ S. W. ¼ T. 68, R. 4 — 16.

Plat lot No. 2, Sec. 3, T. 67, R. 4 — 7.

Paid for the above years, on said property,.......$32 92

Interest on same to date,..................... ......... 7 91

$40 83

Upon the foregoing statement, plaintiff seeks to recover from the corporation of Fort Madison, the $40.83 referred to, upon the ground that he could not be taxed for municipal purposes under the circumstances. Waiving the question whether the facts stated bring this case within the reasoning, or principle, laid down in the case of *Morford* v. *Unger*, 8 Iowa, 82, (of which we have very great doubts), still, it does not follow that the plaintiff can recover money voluntarily paid under a mistake of law. The case, in our judgment, involves no other or different principle than that which we have already settled in the case of *Kraft* v. *The City of Keokuk, ante.* Upon the reasoning in that case, and the authorities there referred to, we affirm the judgment below.