## ORR v. TRAVACIER *et al.*

1. **Tax sale: UNDER LAW OF 1858.** A sale made under the revenue law of 1858 (Laws 1858, ch. 142) for taxes which had been delinquent less than two years, was invalid.

2. —— **LIEN FOR TAXES PAID.** When a tax deed is canceled because of want of authority in the officer who made the sale, the grantee is entitled to a judgment against the owner for all taxes by him paid in good faith, with interest thereon at six per cent, and to a lien on the property to secure the same.

*Appeal from Woodbury District Court.*

THURSDAY, JUNE 28.

ACTION by a purchaser as tax sale to quiet his title under the tax deed. The defendant's Dowell and Saxton, were the owners of the land prior to the tax sale, and by cross-petition ask the cancellation of the tax deed, and the quieting of their title. The plaintiff in his answer to the cross-petition denies the claim of defendants, and also sets up that he has paid the amount of taxes due on the land, at the time of the tax sale, and also the accruing taxes for the several successive years since, stating specifically the amount paid each year, and asks, that in case he shall not be found the legal owner of the property, he may have a lien thereon for the taxes paid by him and his assignor. The District Court declared the tax deed void, quieted the defendant's title to the property, and refused the lien for taxes paid by the plaintiff and his assignor. The plaintiff appeals.

*Hudson & Joy* for the appellant.

*Polk & Hubbell* for the appellee.

COLE, J. —The sale for taxes was made on the 31st day of August, 1858, for the taxes of 1856.

1. TAX SALE: under law of 1858. By section 48 of the revenue law then in force, and under which the sale was made (ch. 152, Laws of 1858), the taxes for 1856 were not delinquent till the 15th day of January, 1857.

By section 49 of the same law, the treasurer was authorized to sell lands for taxes which were delinquent, and remained due and unpaid for a longer time than two years. The sale to plaintiff for the taxes of 1856 was made before

the expiration of two years from the time they became delinquent. The court, therefore, did not err in holding the tax deed invalid, and in canceling the same.

That the grantee of property sold for taxes may maintain an action, after eviction, against the real owner, for

2. —— lien for taxes paid. taxes paid thereon in good faith, has been decided by this court. *Claussen & Kuhl* v. *Rayburn*, 14 Iowa, 136; see, also, *Byington* v. *Woods et al.*, 13 Iowa, 17. And if, by paying such taxes, he has relieved the lands from the liens therefor, it is but equitable that he, too, should have a lien thereon in his favor for such taxes, when paid by him. This is especially true where, as in this case, the owner asks and obtains affirmative relief by the cancellation of the tax deed. Where a party asks equity, he should be required to do equity.

There was error, therefore, in refusing the lien for the taxes paid by plaintiff and his assignor, and the judgment is reversed, with directions to enter a judgment therefor, with six per cent interest from date of the several payments, and enforce the same as a lien upon the lands.

Reversed.