## DES MOINES, DECEMBER TERM, A. D. 1867.

IN THE TWENTY-FOURTH YEAR OF THE STATE.

PRESENT:

HON. JOHN F. DILLON, CHIEF JUSTICE.
" CHESTER C. COLE,
" GEORGE G. WRIGHT, } JUDGES.
" JOSEPH M. BECK,

| 24 | 9 |
|---|---|
| 102 | 730 |
| 24 | 9 |
| 131 | 163 |

## LYON v. McILVAINE *et al.*

1. Mortgage: MERGER. Where a mortgagee, subsequent to his mortgage, acquires, by the execution of a deed to him from the mortgagor, an absolute title to the real estate mortgaged, the mortgage will not be held to be merged in the absolute title where the interest and intention of the mortgagee intervene to prevent the merger. (*Wickersham* v. *Reeves*, 1 Iowa, 413; *Wilhelmi* v. *Leonard*, 13 Id. 330; *Rankin* v. *Wilsey*, 17 Id. 463.)

VOL. XXIV.—2

Lyon v. McIlvaine.

2. Assignment, general: MORTGAGE IN CONTEMPLATION OF INSOL-
VENCY. It may be regarded as settled in this State, that the execution
of a mortgage to one or more creditors, is not rendered void by the
fact that the mortgagor executed the same in contemplation of insol-
vency, and immediately thereafter executed a general assignment.
(*Lampson & Powers* v. *Arnold,* 19 Iowa, 479.) It is accordingly held,
that a mortgage of property situated in this State is not rendered
invalid by the execution, on the same day in another State, of a gen-
eral assignment, with preferences, of property in the latter State.

3. Mortgage: EXECUTION AND DELIVERY: PRESUMPTION. It will be
presumed from the due execution, acknowledgment and record of a
mortgage, that it was executed and delivered on the day of its date.
(*Savery* v. *Browning,* 18 Iowa, 246.)

*Appeal from Clinton District Court.*

SATURDAY, JANUARY 25.

EQUITABLE action by a judgment creditor, Lyon, to
remove (before sale under execution) a cloud upon the
title of his judgment debtors, McIlvaine and Happer, to
certain real estate in Clinton county, upon which his
judgment is a lien.

March 30, 1859, McIlvaine and Happer, being indebted
to William L. Ewing in the sum of about $4,500, to Wil-
liam L. Ewing & Co. about $1,350, and to Ewing, Briggs
& Co. about $400, made a mortgage upon the real estate
in controversy, to said parties, to secure them in the pay-
ment of said sums respectively. This mortgage was duly
acknowledged, and was recorded on the first day of April,
1859. On the 15th day of April, 1859, the plaintiff, hav-
ing a claim against McIlvaine and Happer, commenced
suit thereon in the District Court of Clinton county, and
procured an attachment, which was, on the same day,
levied upon the same real estate as that embraced in the
mortgage to Ewing and others. Afterwards, and on the
18th day of April, 1859, McIlvaine and Happer conveyed

the same real estate to William L. Ewing, by deed of general warranty, for a consideration of about six thousand dollars, as recited in the deed. On the 26th day of October, 1859, the plaintiff, Lyon, recovered judgment in his attachment suit against McIlvaine and Happer for $1,066.33, and an order for special execution against the property attached. On the same day the mortgage was made to Ewing and others, McIlvaine and Happer, who were residents of, and doing business in, Whiteside county, Illinois, made an assignment of their personal effects in the State of Illinois, for the benefit of their creditors, making therein a preference of some creditors over others. The assignment was accepted by the assignee, who caused the same to be recorded, and entered upon his duties thereunder.

This suit was brought in September, 1860; the plaintiff claiming by his original petition that the absolute conveyance to Ewing was a merger and satisfaction of the mortgage to Ewing and others, and that his judgment lien was prior and paramount to the title conveyed by the deed. In March, 1862, by an amended petition, which was itself amended after trial in March, 1866, the plaintiff set up the fact that McIlvaine and Happer made an assignment of all their property not included in the mortgage, at the same time they made the mortgage, which was done without the knowledge or request of the mortgagees, and that the mortgage and assignment together, constituted one transaction, and amounted to a general assignment, and was made in contemplation of insolvency, wherein preference was given to some creditors over others, whereby it was fraudulent and void under the statutes of this State; and that plaintiff was at that time a creditor of McIlvaine and Happer.

The District Court held, that the mortgage to Ewing and others, was, as against plaintiff's claim, fraudulent and

void, and that the property should be subjected to sale under plaintiff's execution, and the title acquired under such sale should be free from any claim by reason of the mortgage to Ewing and others; and rendered judgment against defendants for costs. The defendants, the mortgagees, appeal.

*James McCoy* for the appellants.

*Grant & Smith* and *A. R. Cotton* for the appellee.

COLE, J. — I. The original petition sets out the mortgage to Ewing and others, the issuance and levy of the attachment, the judgment and order of sale thereunder, and the making of the deed to Ewing. It is then stated that the execution, delivery and acceptance of the deed, was a satisfaction of the mortgage in law and in fact, and gave to Ewing a fee simple title, subject to the plaintiff's lien. It is also averred that the mortgage was fraudulent in fact, and made to hinder and delay creditors, and that there was nothing due under it. This last claim is clearly without foundation, and there is now no pretense under the evidence but that the debts which the mortgage was made to secure were then justly subsisting and still unpaid.

1. MORTGAGE: merger.

As to the question of merger under the *law*, it is now a well settled rule in equity that where a mortgagee, subsequent to his mortgage, acquires an absolute title to the real estate mortgaged, the mortgage will not be held to be merged in the absolute title, when the interest and intention of the mortgagee intervene to prevent the merger. *Wickersham* v. *Reeves & Miller*, 1 Iowa, 413 ; *Wilhelmi* v. *Leonard*, 13 Id. 330 ; *Rankin* v. *Wilsey*, 17 Id. 463, and authorities cited in those cases. Under this rule, since it was clearly against the interest of Ewing

that there should be a merger, a court of equity will hold that there was not a merger.

As to the question of merger under the *fact* as proved, it is clear there was none. All the parties to the conveyance, the grantors and grantee, agree in their testimony in this case, that there was to be no merger, and that it was so expressly understood at the time the deed was made.

II. The amended petition, as first made, set up the fact that the debtors, McIlvaine and Happer, in contemplation of insolvency, made the mortgage to Ewing and others, while they were engaged in preparing to make a general assignment of their property, which they did with preference to creditors, on the same day. Leaving out of view, the fact that the debtors were residents of, doing business and made the assignment in the State of Illinois, where preference to creditors in general assignments is alleged to be allowed, it may be regarded as settled in this State, that the execution of a mortgage to one or more creditors, is not made void by the fact that the mortgagors executed the same in contemplation of insolvency, and immediately thereafter executed a general assignment. *Lampson & Powers* v. *Arnold, garnishee,* 19 Iowa, 479. Under our statute a general assignment with preference to creditors is void. Rev. § 1826 (977). Whether a general assignment, with preferences, assigning property in this State, made by debtors doing business and residing in another State, where the main property is situate, and where such preferences are lawful, is valid as to the property in this State sought to be assigned, it is not necessary for us to determine. What we hold is, that the mortgage of property situated in this State is not rendered invalid by the execution, on the same day in another State, of a general assignment with preferences, of property in such other State.

2. ASSIGNMENT, GENERAL: mortgage in contemplation of insolvency.

III. After the cause had been argued and submitted to the court, and after the attorney for the defendants had left the court, and without the knowledge thereof by defendants or their attorney until after the cause was decided, but, in fact, while the court had the cause under advisement and during the term, the plaintiff filed an amendment to his amended petition, in which it is averred that the mortgage and assignment constituted one transaction; that the mortgage was made and caused to be recorded without any knowledge on the part of the mortgagees or either of them; that the mortgage and assignment embraced all the property of the said mortgagors, who were then insolvent and were at the time indebted to plaintiffs, and that said mortgage was therefore fraudulent. The points made by this amendment, except as to the want of knowledge by the mortgagees of the making and recording of the mortgage, have already been disposed of. As to that point, if indeed it is made a distinct point by the amendment, there was no testimony taken by either party, since the amendment was filed after the testimony was closed and the cause submitted. There is, however, in the transcript, more or less evidence tending to show that the mortgage was executed without any request or knowledge on the part of the mortgagees. Nor is it very definitely disclosed by the testimony when the mortgagees came first to the knowledge of its execution and accepted the same. The testimony of Ewing assumes, without positively asserting it, that the defendants' agent was present when the mortgage was executed, and accepted the same under authority so to do. While the agent himself, in his testimony, does not assert his acceptance of it as agent, but rather negatives the idea of his agency at the time. This want of definiteness is readily accounted for by the fact that no issue as to delivery

or acceptance of the mortgage was made by the previous pleadings.

In view of the pleadings and evidence, it may well be *held*, that the case stands upon the presumptions of law, of the *execution* of the mortgage on the day of its date, and of its *delivery*, from the fact of its due execution, acknowledgment and record. *Savery* v. *Browning*, 18 Iowa, 246, and authorities cited. We are the more content with this view, from the fact that the District Court did not base its decision, in any manner, upon the want of proof as to the delivery or acceptance of the mortgage.

It follows, therefore, from the determination we have made of the several questions involved, that the mortgage to defendants was not fraudulent or void, nor were the rights under it merged in the deed, and it being prior to the rights of plaintiff under his attachment, that the court erred in giving to plaintiff a lien prior to defendants, upon the real estate in controversy.

