## GARRIGAN v. KNIGHT.

1. **Taxes:** WHEN PAID BY ONE NOT THE OWNER. When the title to real estate is in controversy, and the taxes thereon are voluntarily paid by one of the parties to the controversy whose claim is afterwards adjudged to be invalid, he cannot recover the amount so paid from the owner. BECK, J., *dissenting*.

*Appeal from Sioux District Court.*

SATURDAY, DECEMBER 15.

ACTION for the recovery of forty acres of land. It is alleged in the petition that plaintiff is the absolute owner in fee of the land, and that defendant makes some claims adverse to the estate of plaintiff therein. The abstract of title exhibited with the petition shows that the plaintiff purchased the land of the United States by an original entry made May 19, 1857.

It is averred in the answer that defendant paid the taxes upon the land in question from the year 1864 to the year 1872, both inclusive; "that he paid said taxes in good faith, believing himself to be the owner in fee simple of said premises; that plaintiff did not pay, nor offer to pay, the taxes upon said land for any of said years; that defendant paid said taxes under color and claim of title, and that plaintiff well knew the same;

also, that plaintiff has not repaid or offered to repay defendant the said taxes so paid nor any part thereof." The defendant prays judgment for one hundred and forty dollars and costs, and a decree that the land be subjected to the payment thereof.

There is an abstract of title exhibited with the answer, which shows that the county of Sioux on the 18th day of June, 1862, made a quit-claim deed of the land to Smeltzer and Stafford. It also shows conveyances from Smeltzer and Stafford to one Butterworth, and from Butterworth to the defendant. The conveyance to the defendant is by warranty deed.

The cause was submitted to the court upon the following agreed statement of facts:

"1. The allegations of plaintiff's pleading and his abstract of title are to be taken as true.

2. The allegations of defendant's answer and his abstract of title are to be taken as true.

3. That neither the defendant nor any one under whom he claims has ever been in possession of said land or made any improvements thereon.

That plaintiff has never been in possession of said land, nor made any improvements thereon.

4. That defendant did not pay taxes on said land by the order or request of plaintiff.

5. That plaintiff paid the taxes for all years except for those paid by defendant."

No other evidence was offered by either party.

The court found for the plaintiff and against the defendant, and entered judgment accordingly. Defendant appeals.

*J. D. Miracle*, for appellant.

*A. K. Webb*, for appellee.

ROTHROCK, J.—I. The defendant does not claim title to the land. The plaintiff is the undisputed owner. The only question is whether the defendant is entitled to recover the taxes paid by him, and whether the same should be held to be a lien upon the land.

1. TAXES: when paid by one not the owner.

It appears from the agreed statement of facts that the defendant did not pay the taxes on the land by the order or request of plaintiff.

Under these circumstances we think there can be no recovery for the taxes thus paid. There is no act or course of conduct upon the part of plaintiff from which a promise or contract to refund the taxes can be implied. The mere fact that plaintiff knew the defendant was paying the taxes under claim of title is not sufficient from which to infer a promise, in view of the other facts in the case. When the title to real estate is in controversy, and one of the parties pays taxes, and is afterwards unsuccessful in his claim of ownership, he cannot recover for the taxes thus paid.

"It is an elementary proposition, which does not require support from adjudged cases, that one person cannot make another his debtor by paying the debt of the latter without his request or assent." *Homestead Company v. Valley Railroad*, 17 Wallace, 166.

The cases of *Claussen and Kuehl v. Rayburn*, 14 Iowa, 136; *Orr v. Travacier*, 21 Iowa, 68, and *Thompson v. Savage*, p. 622 *ante*, where the holders of void tax deeds were permitted to recover the legal taxes actually paid, involve a different principle. When lands are sold for taxes the State invites the purchaser to discharge the land owner's obligation, and it is proper that the law should provide for his reimbursment if the sale should prove invalid, and in the cases last cited the recovery is allowed by reason of the provisions of the statute.

But so long as the land is not sold for taxes, it is the owner's right to pay the tax to the county treasurer. He cannot be required to seek some other person who may have made a voluntary payment, and make a tender to him to stop interest.

Affirmed.

Beck, J., *dissenting.*—The defendant paid the taxes in good faith, under a claim supported by color of title. It was his duty to pay the taxes; not only was he permitted to pay them,

but he was required so to do by his obligation as a good citizen. The State demands of every one holding lands to pay the taxes assessed thereon. Defendant, believing that he owned the land, was bound to pay the taxes assessed against it. The plaintiff, though holding the valid title, failed to pay the taxes. We have the case, under the foregoing opinion, of the law making the discharge of a duty by a faithful citizen operate to his injury and to the advantage of another, who disregards the duty imposed upon him by the law. Courts ought never to administer the law so that it will work such results.

Plaintiff *ex æquo et bono* ought to reimburse defendant. I want no other ground than this to base a conclusion that defendant may recover.

It is the policy of the State to encourage the payment of its revenues. No laws exist which discourage it. But the decision of this court, announced in the foregoing opinion, says to all holding doubtful title: you will pay taxes at your peril; if you lose the land your adversary shall enjoy the benefit of your payment, which you shall lose. There can be no greater discouragement to the payment of taxes on lands held by doubtful titles.

The conclusion I reach is, in my judgment, supported by *Claussen and Kuehl v. Rayburn*, 14 Iowa, 136; *Orr v. Travacier*, 21 Iowa, 68, and *Thompson v. Savage*, cited in the foregoing opinion of the majority of the court, and by other cases cited in the last mentioned decision.

*Homestead Co. v. Valley Railroad Co.*, 17 Wal., 153, seems to be a controlling case with my brothers. The question is not argued in the opinion in that case and no authorities are cited. About all that is said upon the point is quoted in the foregoing opinion of the majority. The view I have above presented is not referred to, and does not appear to have been brought to the attention of the court. Under these circumstances I am not bound to follow the decision, believing as I do that it is in conflict with the law.