READ ET AL. v. HOWE ET AL. AND ENSIGN ET AL.

THE SAME v. HOWE ET AL. AND VAN AIKEN.

1. **Occupying Claimant:** GOOD FAITH: LIS PENDENS.   An honest belief by an occupying claimant that he has title to the property upon which he makes improvements is sufficient to give him a claim therefor under the statute, if he had only constructive notice of an adverse claim, especially such as was imparted by a *lis pendens* or record.

*Appeal from Black Hawk District Court.*

THURSDAY, JUNE 13.

THE appeal in these actions involves the question of the rights of the intervenors.   The actions are really one, or were so originally.   The action was entitled *H. Read et al v. C. K. Howe et al.*, and was brought to set aside an administrator's sale and conveyance of certain tracts of land.   The plaintiffs were successful as to two quarter sections.   Ensign then intervened, claiming the rights of an occupying claimant as to one of the quarter sections, and Van Aiken intervened, claiming the rights of an occupying claimant as to the other.

The rights of each rest upon the determination of the same question of law.   The administrator was C. K. Howe.   The land was sold at the administrator's sale to S. P. Brainard, who was made defendant in the action to set the sale aside. It was held that the evidence showed that he had purchased for the administrator, and that the sale for that reason was invalid.   During the pendency of the action, however, he sold one quarter-section to Van Aiken, and the other to one Peck, who sold to Ensign.   After the decree against Howe and Brainard

setting aside the administrator's sale as to these two quarter-sections, Van Aiken and Ensign filed petitions of intervention, showing their respective purchases and deeds, and also that they took possession of their respective tracts, and in good faith made valuable improvements and paid taxes. The intervenors also show that the lands are not situated in the county where the action was brought. They admit, however, that notice of the action was filed in the county where the lands were situated, but aver that the notice was not indexed in the incumbrance book. They aver that they had no actual notice of the pendency of the action, nor, unless by reason of the facts above stated, any constructive notice. The plaintiffs demurred, upon the ground that it appeared that the intervenors had constructive notice of the pendency of the action, by reason of the notice filed, although not indexed, and that the improvements, therefore, were not made in good faith. They demurred, also, upon the ground that the petitions were filed too late. The court sustained the demurrer, and the intervenors appeal.

*Boies & Couch*, for appellants.

*George Ordway*, for appellees.

ADAMS, J.—Whether a notice of the pendency of an action filed, but not indexed, operates as constructive notice we need not determine. In our opinion an occupying claimant is not affected, in respect to his rights as such, by such notice. The statute provides for a recovery by an occupying claimant where the improvements are made under color of title, and in good faith. The only question, then, in this case is as to whether the occupying claimants made the improvements in good faith. Is it sufficient if they had an honest belief that they had a good title, and had no actual notice of an adverse claim? It appears to us that it is. In *Craton v. Wright*, 16 Iowa, 133, it was held that an honest belief on the part of the occupying claimant was sufficient, even where he had

actual notice of an adverse claim, and that adverse claim had been established by an adjudication. If this is correct, it follows for a still stronger reason that an honest belief on the part of the occupying claimant must be sufficient, if he had only constructive notice of an adverse claim, especially such as is imparted by a *lis pendens* or record. Such cannot affect the conscience. Story's Eq. Juris., § 401. If constructive notice of an adverse claim excludes good faith within the meaning of the statute, there would be no case in which an occupying claimant can have an allowance. If constructive notice would exclude good faith, most certainly actual notice would. But he who makes improvements, under mere color of title, always has actual or constructive notice that some other person holds the legal title.

A purchaser or incumbrancer, it is true, is affected with constructive notice of a *lis pendens* or recorded conveyance or incumbrance, however honest he may be. This rule is necessary for the just protection of those holding the anterior rights. The importance of protecting those rights is so great as to justify putting the subsequent purchaser or incumbrancer upon his diligence, and making his good faith immaterial. An occupying claimant's rights, however, are based expressly upon good faith, and this is so with good reason. It is eminently proper that he should be protected against his innocent mistake, and the owner of the land prevented from gaining what he has not paid for. The statute goes quite far enough we think, in favor of the land owner, in allowing him to elect to pay for and take the improvements before the occupying claimant is allowed to elect to pay for and take the land. He who allows another to occupy and improve his land, under an honest belief that he has title, is not so clearly without fault that he should be allowed to complain of the slight detriment, if any, which may result to him from the enforcement of the occupant's rights. Such being our view, we are not disposed to put upon the words *good faith*, as used in the statute, any technical construction. We think that they are to be taken

in their ordinary acceptation. They are certainly so taken in *Craton v. Wright*, above cited, and we should hesitate to adopt a different construction if we were less satisfied than we are with the construction there given.

It is urged, however, by appellees that a different construction has already been given in *Blanchard v. Ware*, 43 Iowa, 530. But what was said in that case in regard to the occupying claimants having constructive notice, was said to show that they were bound by the judgment. The judgment being valid, and the writ of possession having been issued and executed before the petition for allowance for improvements was filed, it was held that it was filed too late. Nothing was said to indicate that an allowance for improvements might not have been had if the petition had been filed in time.

It is objected by the appellee that the petitions in this case were not filed in time. But we think that they were. The decree had been rendered, it is true, but it had not been executed.

The occupying claimants make a claim for taxes paid. But it was held in *Garrigan v. Knight*, 47 Iowa, 525, that taxes paid without the owner's consent cannot be recovered.

So far as the claim for improvements is concerned, we think that the petitions are good.

REVERSED.