## FINNEGAN v. CAMPBELL.

1. **Occupying Claimant:** COLOR OF TITLE : WHAT IS.   The plaintiff procured a judgment against defendant for the possession of the land in controversy.   There was evidence sufficient to show that the defendant was in the occupancy of the land when the judgment was rendered, and that at that time more than two years had elapsed since he had paid the taxes on the land, and that plaintiff never offered to repay the same to him.   *Held* that these facts were sufficient, under Code, section 1983, to show color of title in defendant, so as to entitle him to recover for improvements made under the occupying claimant law.

2. **Former Adjudication:** ISSUE WITHDRAWN.   An issue raised by answer, but withdrawn by the defendant before trial, cannot be said to be adjudicated in the determination of the cause.

*Appeal from Cerro Gordo District Court.*—HON. JOHN B. CLELAND, Judge.

FILED, MARCH 10, 1888.

PROCEEDING to recover for permanent improvements on real estate, under the statute giving relief to occupying claimants.   The court, on the ground that the defendant had failed to show color of title, directed the jury to find for the plaintiff, and defendant appeals.

*Blythe & Markley*, for appellant.

*McConlogue & Miller*, for appellee.

SEEVERS, C. J.—In April, 1885, the plaintiff commenced an action of right against the defendant, to recover possession of the northeast quarter of section eighteen, township ninety-four, range nineteen, in Cerro Gordo county. The defendant answered the petition, alleging ownership in himself. In January, 1887, judgment was rendered for the plaintiff, and on the eighth day of February thereafter the defendant filed a petition, claiming to recover for improvements made in good faith under color of title. It is stated in the petition, claiming under the occupying claimant law, that the defendant purchased the real estate of the plaintiff through his agent, and that he had paid the taxes on the said land in March, 1884, and that plaintiff had not offered to return the same. The improvements made were sufficiently described. The plaintiff denied the allegations of the petition, and pleaded that the plaintiff, in September, 1884, had commenced an action for rent due for the use and occupancy of the premises; that the defendant denied the allegations of the petition, and pleaded the same contract of purchase as a defense to such action as is pleaded in the present proceeding; and that the plaintiff was successful in such former action; and that the defendant is thereby estopped from pleading the same matter in this proceeding. There was evidence tending to show that one Dougherty, as agent for the plaintiff, sold to the defendant the land in controversy, and that he, as such agent, entered into a written contract which provided that, upon compliance with the terms and conditions thereof on the part of the defendant, the plaintiff agreed to convey the real estate to the defendant. The evidence also tended to show that the defendant occupied said premises under the contract, and made permanent improvements thereon, and that he in March, 1884, paid the taxes due thereon. There is no evidence which tends to show that the plaintiff offered to repay said taxes. There is also evidence which tends to show that the plaintiff never repudiated

the authority of Dougherty to sell the land or to execute the written contract; on the contrary, there is evidence which tends to show that plaintiff, for a time, recognized the possession of the defendant under the contract. The grounds on which it was held that the defendant was not vested with an equitable title do not certainly appear; but the probabilities seem to be that he failed to comply with some of the conditions of the written contract.

I. Whether the defendant had color of title under the written contract of purchase is unnecessary to determine. But there remains the question

1. Occupying claimant: color of title: what is.

whether he had such title because he paid the taxes on the real estate. The statute provides that "any person has the requisite color of title who, during his occupancy, has paid the ordinary county taxes for any one year, and two years thereafter have elapsed without a repayment of the same by the owner of the land, and such occupancy is continued up to the time at which the suit is brought by which the recovery of the land is obtained." Code, sec. 1983. There is evidence tending to show that the defendant occupied the land when judgment in the action was obtained, and at that time more than two years had elapsed since he paid the taxes; and, as the plaintiff at no time offered to repay the same, we think that the defendant, under the express words of the statute, had color of title, and the court erred in holding that he had not.

II. Counsel for the plaintiff contend that the question whether the defendant had color of title was adjudicated in the action brought to recover

2. Former adjudication: issue withdrawn.

rent. A conclusive answer to this objection is that the defendant struck out of or withdrew so much of his answer as pleaded the written contract as a defense, in such action, prior to the trial thereof. Therefore, it seems to us that the question whether he had color of title was not determined in that action.

III. Counsel for the appellant further object that,

as the defendant claims that he purchased the land, it was his duty to pay the taxes, and that such taxes cannot be recovered by an occupying claimant, under the decision in *Garrigan v. Knight*, 47 Iowa, 525, and *Read v. Howe*, 49 Iowa, 65. We do not understand that the defendant is seeking to recover the taxes so paid, or if he is, we do not understand that his right to recover is necessarily involved in this appeal. It is sufficient to say that the main object of this action is to recover for permanent improvements, and that the only question we are required to determine is whether the defendant had color of title. He paid the taxes in good faith, under the belief that he was a purchaser of the land; at least, the evidence so tends to show. But it turns out that he was not a purchaser; still, as he was rightfully occupying the land and had paid taxes, he, under the statute, had color of title. It is true, it does not appear that the defendant had occupied the premises for five years; but the question whether the improvements were made with the knowledge, express or implied, of the plaintiff, was for the jury, as there was evidence tending to show such knowledge.

REVERSED.