SAMUEL N. BOWMAN, Appellee, v. ANDREW ANDERSON
*et al.*, Appellees ; HELEN M. PERCELL, Intervenor, '
Appellant.

1. **Title to Real Estate:** POSSESSION: NOTICE. A conveyance of
real estate by one in whom the title thereto appears of record, but
who in fact holds the same only as trustee, will not operate to
divest the interest of the beneficiary of the trust estate where
the tenant of such beneficiary was in possession at the time of said
conveyance ; and the widow of such beneficiary will be entitled
to her dower in such trust estate both as against the grantee of
the trustee, and one claiming under a mortgage made by said
grantee while said tenant was still in possession.

2. **Assignment of Mortgage:** INNOCENT PURCHASER : LIS PENDENS.
Neither will an assignee of such mortgage before maturity, and
without actual notice of such adverse interests, be entitled to a
foreclosure of said mortgage against such dower interest in the
premises. And such an assignee is chargeable with notice of an
action pending at the time of the assignment and affecting the
interest conveyed by the mortgage.

*Appeal from Jefferson District Court.*—HON. H. C.
TRAVERSE, Judge.

FRIDAY, FEBRUARY 6, 1891.

ACTION for judgment on a promissory note exe-
cuted by the defendant, and for the foreclosure of a
mortgage on two tracts of land given to secure the same.
The intervenor claims an interest in part of the lands
as superior to the mortgage. The decree was entered
for the plaintiff, from which the intervenor appeals.
*Reversed.*

*H. B. Hendershot* and *McNett & Tisdale*, for
appellant.

*Wilson & Hinkle, M. A. McCord, J. B. McCoy*
and *W. G. R. Talley*, for appellees.

GIVEN, J.—The facts in this case appear with but little conflict, and are, in substance, as follows : On and for some time prior to December 13, 1881, M. M. L. McReynolds held the legal title to a certain undivided fractional part of the northwest quarter of section 23, township 73, range 11, Jefferson county, in trust for his father, Solomon McReynolds. M. M. L. McReynolds sold, and on December 13, 1881, conveyed, said interest to the defendant. The defendant, having purchased the other interest in said land from Matilda Gaston, did on the same day execute his mortgage thereon, and upon other land, in which his wife joined, to John N. Halferty, to secure his note to Halferty for twenty-five hundred dollars for borrowed money due two years after date, part, if not all, of which money was paid to M. M. L. McReynolds on the purchase. Solomon McReynolds died July 11, 1882, leaving Eliza McReynolds, his wife, surviving him. On August 19, 1882, Eliza McReynolds commenced an action in the circuit court of Jefferson county against this defendant, Andrew Anderson, by placing an original notice in the hands of the sheriff for service, and filing her petition claiming dower as widow of Solomon McReynolds in such fractional part of said land. The defendant Anderson answered said petition, and such proceedings were had that on the sixth day of February, 1885, decree was entered in favor of Eliza McReynolds for one-third of said fractional interest as dower, which decree was affirmed on appeal. 69 Iowa, 208. On October 29, 1885, Eliza McReynolds conveyed her interest in said land to this intervenor. On November 11, 1882, John N. Halferty, for value received, assigned the note, and mortgage sued upon, by written indorsement thereon, to this plaintiff. The land in question was all inclosed and under cultivation. Joseph J. Burnaugh was in possession from March 1, 1881, to March 1, 1882. Anderson claims that Burnaugh was in possession as tenant of Solomon McReynolds, and that he (Anderson) took possession

<div style="margin-left: note">1. TITLE to real estate: possession: notice.</div>

immediately after his purchase, and before the convey-
ance to him. The weight of the testimony is against
these claims. We áre satisfied that Burnaugh was in
possession as the tenant of Solomon McReynolds, under
a written lease from him, and that he remained in the
full and exclusive possession until March 1, 1882.

We have seen that Burnaugh was in actual and
visible possession of the entire farm as the tenant of
Solomon McReynolds at the time the deed was made
to Anderson, and at the time of the execution of the
mortgage from Anderson to the plaintiff's assignor,
Halferty. We may add that Anderson knew of Bur-
naugh's possession, but it does not appear that he knew
it was as tenant of Solomon McReynolds. He testifies
that he understood he was in possession as tenant of
M. M. L. McReynolds. There is nothing to show that
Halferty had any actual knowledge as to who was in
possession, or under whom. In *Dickey v. Lyon*, 19
Iowa, 545, it is held that actual visible possession of
real estate by a tenant is constructive notice of the
title of the landlord. This case has been followed in
*Nelson v. Wade*, 21 Iowa, 49, and *Phillips v. Blair*,
38 Iowa, 649. Following these cases, we must hold that
both Anderson and Halferty had constructive notice of
the right and title of Solomon McReynolds, and of the
contingent dower interests of his wife, at the time of
the deed to Anderson and of the mortgage from Ander-
son to Halferty It is true, the title of record was in
M. M. L. McReynolds, and the lease to Burnaugh was
not recorded, but it was the possession, and not the
record, that put these purchasers upon inquiry. Ander-
son was not, therefore, an innocent purchaser without
notice, but a purchaser with constructive notice of the
dower interest. He did not acquire that interest by
the conveyance, and certainly could not convey by
mortgage what he did not own. Halferty was not an
innocent purchaser without notice, and, therefore, took
subject to the contingent dower interest of Eliza
McReynolds. It follows from these conclusions that
Halferty would not be entitled to a foreclosure of the

mortgage as against the interest in the land now owned by the intervenor.

II. Several reasons suggest themselves from the record why this plaintiff is not entitled to foreclosure as against intervenor's interest. It is not apparent why he should be entitled to any greater relief than would be due to his assignor. His assignor could not transfer to him that which he did not own. We have seen that Halferty did not acquire a lien by his mortgage as against the interest owned by the intervenor, and, hence, could not assign the same.

2. ASSIGNMENT of mortgage: innocent purchaser: lis pendens.

It is claimed that the plaintiff had actual notice of the pendency of the action of Eliza McReynolds against Andrew Anderson at the time he took the assignment of the note and mortgage. We think the testimony fails to sustain this claim, but does show that that action was pending at the time the plaintiff took the assignment. The plaintiff claims that by the assignment he acquired an interest in the real estate claimed by the intervenor. As that assignment was taken pending the action to establish the dower interest, and was against that title, the plaintiff was charged with notice of the action, and barred from acquiring any interest as against the plaintiff's title, by the provisions of section 2628 of the Code.

The appellee contends that he is indorsee of the note in good faith before maturity, for value and without notice of any defense thereto, and, therefore, holds the same free from infirmities that might have been urged against it in the hands of the indorser. The fault of this position is in assuming that he took it without notice of the defense that is now being urged, for, as we have seen, he was charged with notice of the pendency of the action against Anderson. The appellee also insists that as there is no defense to the note, and the mortgage is a mere incident, though inseparable, and follows the note, no defense can be urged as against the mortgage that does not go to the note. A single illustration will show the fallacy of this position: A executes his

note to B for a valuable consideration, and gives a mortgage on lands belonging to C. B indorses the note and mortgage, and the indorsee brings suit for judgment and foreclosure against A, who has no defense whatever to the note. Can it be said that C may not protect his title to the mortgaged premises by showing that A had no title or authority to mortgage the same simply because he has no reason to urge why judgment should not be entered on the note against A?

III. Numerous objections to evidence were made by each party, all of which involved more or less directly the questions already considered, and, therefore, need not be noticed more in detail. The foregoing discussion leads us to the conclusion that the decree of the district court should be reversed in so far as it holds plaintiff's mortgage superior to the title and interest of the intervenor. REVERSED.