JOHN T. CLARKSON, Appellant v. CLELLA A. McCOY et al., Appellees.

No. 40777.

MARCH 14, 1933.

John T. Clarkson, pro se, and Theodore B. Perry, for appellant.

Miller & Everett, for appellees Clella A. McCoy (now Anderson) and Max H. McCoy.

O. M. Slaymaker and R. E. Killmar, for appellee L. K. Forney.

DONEGAN, J.—On February 26, 1925, Jane McCoy, her husband joining, executed a mortgage upon a farm of approximately 200 acres owned by her in Monroe county, Iowa. The mortgage recited a consideration of $12,460, and was made to her children, Clella A. McCoy and Max H. McCoy. On March 3, 1925, Farmers & Miners Savings Bank of Albia, Iowa, obtained a judgment against Jane McCoy and Lycurgus McCoy, her husband, upon a note for $2,450. Execution was issued upon this judgment and the land in question sold to plaintiff-bank, and sheriff's certificate of sale issued to said bank. This sheriff's certificate of sale was later assigned to the plaintiff, John T. Clarkson, and sheriff's deed for the land was issued to him.

On December 24, 1927, plaintiff commenced this action in the district court of Monroe county, Iowa, asking that the mortgage executed by Jane McCoy and husband to the defendants, Clella A. McCoy and Max H. McCoy, be set aside on the ground that it was without consideration and was given for the purpose of defrauding creditors of Jane McCoy and Lycurgus McCoy. On January 3, 1928, L. K. Forney filed in the recorder's office of Monroe county, Iowa, an assignment of the said mortgage executed to her by Clella A. McCoy and Max H. McCoy. On January 26, 1928, plaintiff filed an amendment to his petition, alleging that since the filing of his original petition the defendants pretended to assign the mortgage described in the petition to L. K. Forney; that all transactions constituting said pretended assignment occurred after the filing and indexing of plaintiff's petition and were for the fraudulent purpose of hindering and delaying plaintiff in the prosecution of his action; and that said assignee has no right by or through said pretended assignment against plaintiff. L. K. Forney was made a party-defendant, and filed answer setting up various defenses.

Trial was had to the court on November 25, 1929. During the progress of the trial, one Isabella Hope was examined as a witness for the defendants and testified in substance that she was the auditor of Monroe county; that the register of sales of real estate and delinquent taxes in her office showed the sale of the land in question on December 26, 1926, for the 1925 taxes; that the taxes were in the name of Mrs. Jane McCoy, owner; that the land was sold to Farmers & Miners Savings Bank of Albia, Iowa, in four parcels, and four tax sale certificates issued to said bank; that the certificates were assigned on the records to Peoples Savings Bank of Blakesburg, Iowa, on October 12, 1927; and that the amount required to redeem the land from tax sale for the year 1926, and subsequent taxes paid in 1927, was $415.16. After the witness had testified to the above matters, the defendant L. K. Forney paid to witness in open court the said sum of $415.16 to redeem the land in question from tax sale.

On the 21st day of May, 1930, the court rendered an opinion, and on the 23d day of July, 1930, the court entered its decree. In its opinion the court found that the mortgage given by Jane McCoy and husband to the defendants Clella A. McCoy and Max H. McCoy was given for the purpose of defrauding creditors, and that it should be set aside. The court found further that the taxes for the years 1925 and 1926, in the amount of $415.16, were a lien on the real estate claimed by plaintiff, and that "whatever may have been the motive of defendant Forney in paying such amount to redeem the land from the tax sales, no sufficient reason appears for defendant's not having a first lien on the land to the extent of the amount paid, with interest thereon at six per cent from the date of payment, November 30, 1927." In its decree the court followed the findings made in its opinion, ordered the mortgage, given by Jane McCoy and husband to the defendants Clella A. McCoy and Max H. McCoy, to be set aside and held for naught; and "that the money paid by L. K. Forney, to wit, $415.16 to redeem from the tax sale, be and is hereby made a lien upon said premises in favor of L. K. Forney for said amount with interest at six per cent from Nov. 30, 1929, until paid".

The plaintiff appealed from that part of the decree which ordered that the $415.16 paid by L. K. Forney to redeem from tax sale be made a lien upon the land in favor of L. K. Forney, with interest at 6 per cent from November 30, 1929. The defendant L. K. Forney filed an amendment to appellant's abstract of record, but has not filed any argument in this court. No appeal is before this

court from any other part of the decree. The only question we are asked to determine is whether or not the appellee Forney was entitled to a lien for the amount paid in redemption of tax sale upon the land. In considering this question, it may be well to refer briefly to a few matters connected with the mortgage and the assignment thereof to the appellee Forney.

The petition in this action was filed by the plaintiff on the 24th day of December, 1927, and the original notice was placed in the hands of the sheriff on the same day, but was not served upon the defendants Clella A. McCoy and Max H. McCoy until the 4th day of January, 1928. The petition asked that the mortgage in question be set aside and that the title to the land be quieted in plaintiff. The evidence showed that on the 24th day of December, 1927, upon the filing of the petition, the proper entries were made by the clerk upon the records in his office so that the matter became *lis pendens*. The assignment of the mortgage to the appellee Forney is dated December 20, 1927, None of the defendants as witnesses was able to state that this was the actual date when the assignment was made. Other evidence tended to show very conclusively, and the trial court so found, that the assignment was not made until the 3d day of January, 1928. The trial court, therefore, found that at the time the assignment was made, plaintiff's action was pending and *lis pendens* as to all of the defendants, and that, as against the plaintiff, the appellee Forney acquired no rights under the assignment of the mortgage. Appellant contends that as the decree declared that the mortgage was fraudulent and conveyed no rights to any of the defendants, the appellee Forney had no such right or interest in the land as would entitle her to redeem from a tax sale. In support of this contention he cites Code, sections 11092, 11093, and 11096. Section 11092 pertains to the indexing of actions affecting real estate by the clerk. Section 11093 provides that when so indexed, no interest can be acquired by third persons in the subject-matter of the action, as against the plaintiff's rights. And section 11096 provides that when so indexed the pendency of the action shall be constructive notice to subsequent purchasers or incumbrancers thereof, who shall be bound by all the proceedings to the same extent as if parties to the action.

In Bowman v. Anderson, 82 Iowa 210, 47 N. W. 1087, 1088, 31 Am. St. Rep. 473, we said:

"It is claimed that plaintiff had actual notice of the pendency of the action of Eliza McReynolds against Andrew Anderson at the time he took the assignment of the note and mortgage. We think the testimony fails to sustain this claim, but does show that that action was pending at the time plaintiff took the assignment. Plaintiff claims that by the assignment he acquired an interest in the real estate claimed by intervenor. As that assignment was taken pending the action to establish the dower interest, and was against that title, the plaintiff was charged with notice of the action, and barred from acquiring any interest as against the plaintiff's title, by the provisions of section 2628 of the Code."

In this same case we also stated:

"Anderson was not, therefore, an innocent purchaser without notice, but a purchaser with constructive notice of the dower interest. He did not acquire that interest by the conveyance, and certainly could not convey by mortgage what he did not own."

The appellant also argues that the question of the appellee Forney's good faith has nothing to do with the case. If the defendants Clella A. McCoy and Max H. McCoy had no rights as against plaintiff because of the mortgage, they could convey no rights because of this mortgage to the defendant-appellee Forney. In Read v. Howe & Ensign, 49 Iowa 65, we stated:

"A purchaser or incumbrancer, it is true, is affected with constructive notice of a *lis pendens* or recorded conveyance or incumbrance, however honest he may be. This rule is necessary for the just protection of those holding the anterior rights. The importance of protecting those rights is so great as to justify putting the subsequent purchaser or incumbrancer upon his diligence, and making his good faith immaterial."

In this connection it should also be considered that the money paid by the appellee Forney to redeem from tax sale was not paid until after she received actual notice and became a party to the suit. Not only was she a party to the suit at the time the money was paid, but such payment was made during the progress of the trial and after considerable evidence had been introduced tending to show the fraudulent character of the mortgage. In the face of this evidence, the defendant-appellee in open court paid the money for the redemption from tax sale for which the trial court decreed

that she should have a lien upon the land. The trial court gives no particular reason for its holding. It quoted no authorities in direct support of its finding, but did refer to Fordyce v. Hicks, 76 Iowa 41, 40 N. W. 79, and Edwards & Anderson v. Olin, 121 Iowa 143, 96 N. W. 742, as somewhat bearing on the question. Neither of these cases had to do with redemption from tax sales. In the first of these cases actions were brought to subject land in the hands of a fraudulent grantee to the payment of certain judgments. These judgments were afterwards assigned to such grantee, but the actions were never prosecuted to a termination. Afterwards an action was brought by another judgment creditor to subject the land to the lien of his judgment. It was held that the judgments purchased by the fraudulent grantee did not merge in the legal title, and that they were prior liens on the land. In the latter of these two cases, plaintiffs sued one E. A. Olin and levied an attachment upon land formerly belonging to him, which it was claimed had been fraudulently transferred to one G. A. Olin. Said G. A. Olin also claimed title to the land under a sale on execution recovered in an action by another party against E. A. Olin, the certificate of sale having been assigned to G. A. Olin and the sheriff's deed taken by him. The trial court found the conveyance from E. A. Olin to G. A. Olin fraudulent, and found the sheriff's deed to G. A. Olin invalid for the reason, as it held, that the sale was made after the execution had been recalled, and was, therefore, void. This court, however, reversed the finding of the trial court, held that the execution sale was had before the execution had been recalled and was not void, and that G. A. Olin, even though the fraudulent grantee from E. A. Olin, was entitled to have his claim for the amount paid upon the execution sale paid out of the proceeds derived from the sale of the land.

It will be noticed that in both of these cases, however, the liens which the fraudulent grantee was permitted to enforce were conveyed to him for value by direct assignment from the lienholders. In neither of those cases did the fraudulent grantee claim to have obtained a lien by simply paying the money into the office of the clerk and redeeming from the liens. The law does provide for redemption from tax sales. Such redemption, however, can only be made by some one having an interest in the property to be redeemed. Garrigan v. Knight, 47 Iowa 525; Read v. Howe et al., 49 Iowa 65; LaRue v. King et al., 74 Iowa 288, 37 N. W. 374; Iowa Railroad Land Co. v. Davis, 102 Iowa 128, 71 N. W. 229; Dubuque & S. C. R.

Co. v. Board of Supervisors of Webster County, 40 Iowa 16; Espy v. Town of Ft. Madison, 14 Iowa 226. One who makes payment for redemption from tax sale without having such interest in the land as entitles him to redeem is a mere volunteer. Garrigan v. Knight, 47 Iowa 525; Ellsworth v. Randall, 78 Iowa 141, 42 N. W. 629, 630, 16 Am. St. Rep. 425; Penn v. Clemans, 19 Iowa 372.

In Ellsworth v. Randall, supra, we said:

"Plaintiff has redeemed the land in controversy from a sale made for the delinquent taxes of 1876, and complains of the refusal of the district court to allow him the amount of money paid to redeem. But plaintiff has failed to show such an interest in or claim to the land as authorized him to redeem. In making redemption he acted as a mere volunteer, and is not entitled to recover for the amount paid."

In Garrigan v. Knight, supra, we said:

"Under these circumstances we think there can be no recovery for the taxes thus paid. There is no act or course of conduct upon the part of plaintiff from which a promise or contract to refund the taxes can be implied. The mere fact that plaintiff knew the defendant was paying the taxes under claim of title is not sufficient from which to infer a promise, in view of the other facts in the case. When the title to real estate is in controversy, and one of the parties pays taxes, and is afterwards unsuccessful in his claim of ownership, he cannot recover for the taxes thus paid. 'It is an elementary proposition, which does not require support from adjudged cases, that one person cannot make another his debtor by paying the debt of the latter without his request or assent.' [Iowa] Homestead Company v. Valley Railroad, 17 Wall. 166 [21 L. Ed. 622]."

In this case it may further be said that, at the time the money was paid in open court to redeem from the tax sale, no notice had been given by the holder of the tax sale certificate of expiration of the time for redemption, and there was no condition compelling redemption at the time the money was paid by appellee. The case was then in process of trial and there was no reason or excuse, so far as the record shows, why appellee could not have waited until after the court had entered its decree before making the redemption. If, when decree had been rendered, the court, as it did, found that appellee had no interest in the land under her assignment of mort-

gage, there would then have been no reason whatever for redemption by the appellee. If she could not have made redemption after decree, because she would then have had no such interest as would have entitled her to redeem, how can she have had such right to redeem before decree?

We believe that under the law the appellee had no such interest in the land as would entitle her to redeem from the tax sale; that, having redeemed without having such interest as the law requires, she was a mere volunteer; and, as is well established by law, a mere volunteer cannot recover an amount paid for taxes owing by others or to redeem property of others from tax sales thereof. The portion of the decree giving appellee L. K. Forney a lien upon the land for the amount paid for redemption from taxes will be reversed and decree of the trial court modified accordingly.—Reversed.

All Justices concur.