# LAMOILLE COUNTY.

## AUGUST TERM, 1839.

PRESENT, HON. STEPHEN ROYCE,
    "   JACOB COLLAMER,
    "   ISAAC F. REDFIELD,  }*Assistant Justices.*
    "   MILO L. BENNETT,

GEORGE S. WILSON *v.* THOMAS HOOPER & JOHN B.
DOWNER.

A mortgagee, after condition broken, has a right of entry which he may peaceably assert, without notice, and without an action of ejectment.

THIS was trespass, for breaking and entering the plaintiff's close, being a certain farm in Johnson.

The defendants pleaded not guilty, separately. Trial by jury.

On the trial in the county court, the plaintiff read in evidence a deed of the farm in question, from Jotham Wilson to him, the plaintiff, executed October 4th, 1837, and a general bill of sale from said Jotham to the plaintiff, of the stock and personal property on said farm, including the crops harvested and unharvested, dated October 5th, 1837, and gave evidence tending to show that possession of said farm, personal property, and crops, was then delivered to him by said Jotham, by a declaration of the latter to that effect, but without any removal of the crops. The plaintiff proved that shortly after the execution of said deed and bill of sale, the defendant, Downer, in the presence and by direction of the defendant, Hooper, began to attach the personal property and crops upon said farm, by virtue of a writ of attachment in

LAMOILLE,
August,
1839.

Wilson
v.
Hooper &
Downer.

favor of said Hooper, against said Jotham Wilson, made re-
turnable to Lamoille county court, at the December term
thereof, A. D. 1837, he, the said Downer, being deputy
sheriff for said county, and acting in that capacity. It ap-
peared that for a few days after said attachment was com-
menced, the plaintiff, and the said Jotham, and other hands,
continued to dig potatoes on the farm, which were imme-
diately attached, under said writ. The plaintiff and the other
hands aforesaid having ceased to harvest the crops, the said
Hooper, and others in his employment, dug the remainder of
the potatoes,and cut and secured a field of oats upon said farm,
all of which were then also attached under said writ.   The
evidence tended to show that said Hooper ordered the plain-
tiff and his said hands to leave the farm immediately, before
they stopped working upon it, as aforesaid.   These were the
acts of the defendants, which constituted the trespass, com-
plained of.   The plaintiff also read in evidence a deed of
said farm, from said Hooper to said Jotham Wilson, dated
November 19, 1836.

The defendants read in evidence a mortgage deed of said
farm from said Jotham Wilson to said Hooper, dated the
same 19th day of November, A. D. 1836, to secure the pay-
ment of two promissory notes of that date, one for $1500,
payable on demand, and the other for $2700, payable in
September, 1837, both of which notes appeared to be due
and unpaid at the time in question, except that $245 had
been paid on the former note, in April, A. D. 1837.   The
writ of attachment was founded on said note for $1500.
The defendants, as a part of their case, gave in evidence the
said writ, with said Downer's return indorsed thereon, to-
gether with the record of a judgment obtained thereon.   It
appeared that said Hooper, ever after the date of his deed to
Jotham Wilson, had continued to occupy the dwelling house
upon said farm, with the garden attached thereto, and that
during the season of 1837, he cleared a small piece of
ground, and raised potatoes thereon ; that some of his stock
were pastured on the farm that season, and he cut some of
the hay on shares.   In other respects, the farm appeared to
be carried on by said Jotham Wilson, until the time in ques-
tion.

Upon the facts thus disclosed in evidence, the court deci-

ded that this action would not lie, whereupon a verdict passed for the defendants. The plaintiff excepted to the decision of the court.

It appeared that another suit was pending for taking the personal property.

LAMOILLE,
*August,*
1839.

Wilson
*v.*
Hooper &
Downer.

*J. Sawyer*, for plaintiff, contended that the mortgagee, having the right of entry, could only get the mortgagor out of possession by ejectment, or other proper suit ; and cited *Atkinson et al.* v. *Burt et al.*, 1 Aikens' R. 331.    *Lovel* v. *Loveland,* 3 Vt. R.  589.    4 Kent's Com. 156–7–8, *id.* 154–5–6, and authorities there referred to.  Walker's American Law, 302, *et seq.*  1. Esp. N. P. 384.    *Goodrich* v. *Hathaway*, 1 Vt. R. 485.  *Fitchburg Cotton Manufac. Co.* v. *Melvin,* 15 Mass. R. 268.    *Wilder* v. *Houghton,* 1 Pick. 87.

*L. B. Vilas*, for defendants, contended that the defendant, Hooper, having a legal title to the land, might lawfully enter upon it, and that the plaintiff, who had only the equity of redemption, could not maintain trespass against him for such entry ; and that, as to Downer, the other defendant, there was no testimony showing that he committed any trespass upon the premises.

The opinion of the court was delivered by

COLLAMER, J.—The mortgagor, even after condition broken, is still the owner of the land, subject to the right of the mortgagee to enter.   The mortgagor is *tenant* to the mortgagee.   There has been much discussion as to which class of tenancy this belonged, but all agree he is *tenant,* and perhaps it may as well be said he is *tenant by mortgage ;* not strictly tenant at will or by sufferance.   By our statute, the mortgagor has the right of possession until condition broken. In New York it is holden that the mortgagor has a right of entry, but can assert it only by an action, which he may bring without any notice to quit.   In Massachusetts it is holden that the mortgagee may, at pleasure, and without notice, enter for condition broken.   It appears to us most reasonable to allow any man peaceably to assert his legal right, by his own act, without driving him to an action.   It has

Lamoille,
August,
1839

Wilson
v.
Hooper &
Downer.

been fully decided, in this state, that the mortgagee may bring ejectment, without notice to quit, and in such action may recover the possession of the land, and damages for the use and occupation from the time of notice or the time of the service of the writ; and this, too, either against the mortgagor or his assignee. *Lyman* v. *Mower et al.* 6 Vt. R. 345. It would appear useless and unreasonable to prevent him from entering and peaceably taking the very use for which we would permit him to recover in an action. This court have, therefore, heretofore recognized the right of the mortgagee to enter for condition broken, and still consider this the legal course.

To the mortgagor, or his assignee, (who can claim no greater rights,) this taking the use, or recovering the same by action, by the mortgagee, is no loss, as the mortgagee must apply the same in extinguishment of the mortgage, until foreclosure of the equity of redemption. The mortgagee must, therefore, so unequivocally take possession as to be clearly holden to account for the use. This he may do by demanding possession, and having it delivered to him, as mortgagee, or he must by clear acts enter on the land and proceed to occupy.

In this case it appears the mortgagee, after condition broken, entered upon the land, possessed by the assignee of the mortgagor, and there, with the officer, first attached some personal property, formerly belonging to the mortgagor, and of which no actual possession had been delivered to any other, and for which another action is pending. He then proceeded to take entire and exclusive possession of the farm, and to secure the crops. This was an unequivocal taking possession; so as to render him liable to account for the crops, on the mortgage. What he did with the crops, whether he had them attached on the mortgage debt, or sold them, or destroyed them, is entirely immaterial. It was rightly decided that he was not a trespasser.

Judgment affirmed.