Beck, J.
l. mortgage : feot of. The petition avers that the title of the land in question is in plaintiff. The answer denies plaintiff’s and sets up ownership in defendant. An is then- formed involving the title of the lands, but it is not shown by the pleadings upon what facts the parties base their respective claims. From the evidence we learn that the title of each party has a common source in James McDonald. Plaintiff’s title is derived from Agnes Gary, mother of James McDonald. James died in 1849. In 1846 he executed a mortgage to his brother Eneas upon the land, to secure $300, with ten per cent per annum interest, due January 1, 1847. The instrument contains an express condition to the effect that, upon the non-payment of the debt at its maturity, the mortgagee may enter and take possession of the land. Eneas, dying, left his wife Mary as his sole heir. James left no other heirs than his mother and Eneas, if the latter was capable of inheriting. The foregoing are the undisputed facts of the case. Other facts, asserted by the respective parties, *262 are as follows: Plaintiff insists that, at the time of the death of James, Eneas was, and continued up to his decease, a non-resident alien. Defendant claims that Eneas, after forfeiture of the conditions of the mortgage by non-payment, entered upon and took possession of the land under the mortgage, and that he survived the mother, who died in 1853. There was evidence at the trial, tending to prove these alleged facts, which, under the issues of the case, were passed upon by the jury. The assignment of errors relates to the instructions given and refused by the court, and the overruling of the district court of a motion for a new trial, based upon the ground that the verdict is not supported by the evidence.
The first point of inquiry relates to the character of the interest or estate, in lands conveyed by a mortgage. Does the mortgagee acquire an inheritable estate ? t
The uniform language of the books is, that by a mortgage at common law the legal title is conveyed to the mortgagee, who is vested with the legal estate and freehold of inheritance. 1 Greenleaf’s Cruise Dig. 570. But this rule of the common law is not recognized by the weight of the American authorities. In this country it may be considered the prevailing rule that the mortgagee is the owner of the lands mortgaged, and retains the inheritable estate therein. At common law the performance of the condition of defeasance of a mortgage was considered to operate by divesting the estate in the mortgagee which was conveyed by the instrument. The doctrine of the American authorities, in effect, is, that it serves to vest, by its breach, the estate in the mortgagee, which, before, was in the mortgagor. The doctrine seems to be in harmony with the intent of the transaction when land is mortgaged. Its object is to pledge the land for the debt, and is nothing more than the creation of a security. The interest which the mortgagee holds is a lien upon the land for the debt, which may, by certain proceedings, ripen *263 into a title, or, rather, may divest the title of the mortgagor. If the condition- of the mortgage be broken, some act of the mortgagee is necessary, that he may acquire an indefeasible title —a title •which the mortgagor will not be able to defeat by redemption.
It may be admitted that this doctrine is anomalous. That a legal conveyance will not pass a legal title is not in accord with legal principles. In the contrary view, however, an anomaly is found which is quite as noticeable. A legal estate, which is vested by a legal conveyance, is defeated by the act of the grantor after the title has passed from him. Yet this is the case with a mortgage under the doctrines of the common law, for, if the debt be paid before forfeiture or foreclosure, the mortgagee’s title ceases. Anderson v. Neff, 11 S. & R. 223; Cameron v. Irwin, 5 Hill, 276; Goodwin, v. Richardson, 11 Mass. 470.
It may be said that the mortgage conveys a base or determinable fee, and that the estate created by the mortgage is so classed among estates at common law. But this fact does not remove the difficulty in harmonizing the common-law doctrine with the principles applicable to mortgages as they are now regarded. As between the mortgagor and mortgagee, the latter, for the purpose of enforcing his lien, may exercise many rights of ownership, but it will be remembered that these rights are exercised to the end that the security may be enforced, and not because the mortgagee is vested with the ownership of the land,.
The views above expressed are well supported by the principles of many decisions. "Without attempting to enter upon an examination of any of them, or to cite all that bear upon - the questions involved, a statement of points ruled will sustain our conclusion.
Before entry and foreclosure by the mortgagee, the mortgagor is the owner in law and equity of the mortgaged premises. 1 Smith’s Lead. Cas. (Hare & Wallace’s Notes) 571; Hall v. Saville, 3 G. Greene, 37; Courtney v. Carr, *264 6 Iowa, 239; Lessee of Perkins v. Dibble, 10 Ohio, 433; The King v. St. Michaels, 2 Doug. 629; Runyan v. Mersereau, 11 Johns. 535; Goodwin v. Richardson, 11 Mass. 470; Huntington v. Smith, 4 Conn. 235; Fernald v. Lenscott et al., 6 Me. 235; Souhterin, v. Mendum, 5 N. H. 420; Kennett v. Plummer, 28 Mo. 142; Wilson v. Shomberger’s Ex’r, 31 Penn. St. 295; Wilson v. Hooper et al., 13 Vt. 653; Ralston v. Hughes, 13 Ill. 469; The Miami Ex. Co. v. The Bank of U. S. et al., Wright, 249; City of Norwich v. Hubbard et al., 22 Conn. 587; Cooper v. Davis, 15 id. 556; Glass v. Ellison, 9 N. H. 70.
A mortgagor is a freeholder of the mortgaged estate. 4 Kent’s Com. 160; Runyan v. Mersereau, 11 Johns. 534; Wilkins v. French et al., 20 Me. 111,
He may maintain a real action for the land against a stranger, and the mortgage cannot be set up as a defense thereto. 1 Smith’s Lead. Cas. (Hare & Wallace’s Notes) 570; Den v. Dimon et al., 5 Halst. 156; Lessee of Perkins v. Dibble, 10 Ohio, 433.
Upon the death of the mortgagee his interest in the property, being personalty, goes to his representatives and not to his heirs; but the heirs of the mortgagor, upon his death, take the estate. Bates v. Ruddick et al., 2 Iowa, 423; Newman v. De Lorimer, 19 id. 244; Burton v. Hintrager, 18 id. 348; Iglehart v. Merreken, 8 Gill. & J. 39; Jewett v. Patridge, 3 Fairf. 243; McCall v. Lenox, 9 S. & P. 302; Smith v. Dyer, 16 Mass. 18; Dewey v. Van Dusen, 4 Pick. 19; Doe ex dem. Duval’s Heirs v. McLoshy, 1 Ala. (N. S.) 708.
The estate of the mortgagor in the lands is real property, and is conveyed, devised and taken upon legal process, as such. 1 Smith’s Lead. Cas. (Hare and Wallace’s Notes) 571; Miami Ex. Co. v. Bank of U. S. et al., Wright, 249; Jackson v. Willard, 4 Johns. 41; Wellington v. Gale, 7 Mass. 138 ; Ford v. Philpot, 5 Har. & J. 312; Ewen v. Hobbs, 5 Met. 3; Davis v. Anderson, 1 Kelly, 177.
*265 Our conclusion is, that the interest of the mortgagor in the lands is an estate of inheritance, which is in no way affected by the mortgage before entry and foreclosure, further than by the lien created. These views are, in their application to this case, strengthened by the language of chapter 103, section 2, Bevised Statutes 1843, page 442, under which the mortgage in question was executed. It provides that mortgages upon real property shall operate as liens from the date of their filing for record. This provision may be interpreted as a legislative declaration of the law as then understood, to the effect that the interest held by a mortgagee in the land is no other or greater than a lien.
7_stipuia-on waiver of. A question is presented as to the effect, upon the titles and interests of the parties, of an entry under the mortgage after forfeiture for conditions broken. No right is conferred upon the mortgagee because entry on account of the default of the mortgagor is authorized by the instrument; under the law, without such a provision, the right existed. Whatever effect an entry may have, and we need not, as will presently appear, examine that question, it is our opinion that after having been madé its effects may be waived. There can be no doubt on this point upon principle, namely: After entry, if the possession of the land be restored to the mortgagor upon his claim of ownership, it is very clear that this would operate to waive the rights acquired by the mortgagee. This doctrine has the support of authority. Botham v. McIntire, 19 Pick. 346; Charles v. Dunbar, 4 Met. 498.
The instructions to the jury given by this court are in harmony with the foregoing views. In effect they hold that the defendant, claiming under the mortgage, did not, without entry, acquire title to the land. The jury were required to find the fact of entry, and, if found, the further fact of waiver instructions which are *266 not objectionable. Nor do we understand defendant’s counsel to complain of them, further than by their conformity to the doctrines above announced.
The instructions asked by defendant upon the points above considered were properly refused, being in conflict with the law. The refusal of instructions upon other points is not made the ground of objection in the brief of counsel, and, therefore, need not be considered.
8. Alienage: inheritance. Defendant claims that, under the evidence, if it be found that the legal title to the land was in James at the time of death, Eneas took one-half the estate. The ap;enage an¿ non-residence of Eneas, under the law in force at that time, if established, would defeat this claim. Stemple v. Herminghouser, 3 G. Greene, 408. Although there were no instructions given upon the question of the alienage of Eneas, it was submitted to the jury upon evidence authorized by the issues. It is to be presumed that the jury found adversely to defendant thereon. We do not find any of the instructions obnoxious to the objection made by defendant, namely, that the jury therein are directed as to the facts of the case. The verdict, in our opinion, is fairly supported by the evidence.
Affirmed.
Miller, J., having been of counsel in’ this case, took no part in its determination.