## FULLER *v.* EDDY.

### *Mortgagee's Right of Entry.*

The mortgagee, after condition broken, may, without notice, enter upon the mortgaged premises and take possession thereof, if he can do so peaceably and unresisted.

TRESPASS *qua. clau.* Plea, the general issue, and trial by the court, September Term, 1875, REDFIELD, J., presiding.

It appeared that the plaintiff purchased the premises in question on May 3, 1869, and took a deed thereof, with condition that upon payment of the purchase money, the title should become absolute in him ; that on November 25, 1870, the defendant and his brother purchased the notes named in the condition of said deed ; that afterwards the plaintiff and his wife conveyed the premises to defendant and his brother, and took a bond to the wife, that, on payment of certain notes, the premises should be reconveyed to the wife ; that the wife died in 1873 ; that one of the notes be-

came due and was unpaid ; that the plaintiff spoke to defendant's brother about it, who told him to keep along on the farm as before ; that about January 1, 1874, the plaintiff went away on a visit, and left his son, a lad, in care of the premises ; that on January 3, the defendant went to the premises and inquired of the boy for the plaintiff, stepped upon the door-step, and proclaimed that he took possession of the premises as owner, went quietly into the house, which was unfastened, the boy neither resisting nor consenting, removed the plaintiff's goods therefrom to an open shed, and left them there in the custody of the boy, and fastened up the house, and forbade the boy to enter. The plaintiff claimed that said goods were injured by being removed to the shed, and being exposed to the weather. The defendant gave the plaintiff no notice of his intention to take possession of the premises. The court held that the entry and possession of the defendant were lawful, and that the plaintiff could not recover ; to which the plaintiff excepted.

*J. A.* and *G. W. Wing*, for the plaintiff, cited Gen. Sts. c. 52, s. 27 ; c. 83, s. 9 ; *Atkinson et al.* v. *Burt et al.* 1 Aik. 329 ; *Runyon* v. *Mersereau*, 11 Johns. 534 ; *Jackson* v. *Bronson*, 19 Ib. 325 ; *Dickinson* v. *Jackson*, 6 Cow. 147 ; 4 Kent. Com. 173, *et seq.*

———— ————, for the defendant, cited *Wilson* v. *Hooper et al.* 13 Vt. 653.

The opinion of the court was delivered by

ROYCE, J. The plaintiff claimed to recover upon the ground that the entry of the defendant upon the premises described in his declaration was unlawful. The defendant was mortgagee of the premises, and the plaintiff was in possession as mortgagor, or claiming under the mortgagor after condition broken. The right of the mortgagee to *peaceably* enter upon, and take possession of, the premises mortgaged, after condition broken, has long been recognized in this state. *Wilson* v. *Hooper & Downer*, 13 Vt. 653 ; *Lynde* v. *Matthews*, 19 Vt. 322. The court have found

that the entry complained of was quiet, and not resisted, though not consented to by the plaintiff's boy who was left in charge of the house at the time the entry was made. We think this was such an entry upon, and taking possession of, the mortgaged premises as the defendant might lawfully make. The entry was given by law, and was not made " with strong hand, nor with multitude of people," so it did not come within the statute which prohibits a forcible entry, and punishes persons who are found guilty of making one.

Judgment affirmed.