CLENDENEN BOGGS, Appellant, v. ARCHIE DOUGLASS.

**Creditors' Bill Judgment:** PURCHASE OF SAME BY FRAUDULENT GRANTEE. A purchaser of land against whom suits have been commenced by judgment creditors of his vendor to set aside the sale for fraud, and establish their judgments as liens on the land, may purchase a judgment on which such suit is based, and will take with it a lien created by the filing of the creditors' suit, which is entitled to priority over the liens of other judgments on which suits were subsequently commenced.

ENFORCEMENT AGAINST JUNIOR CREDITORS' BILL JUDGMENT. In such case, the purchase of the judgment by the defendant, who is the owner of the land, is equivalent to an admission of the validity of the lien, which renders the trial of the action unnecessary; and he may set up the lien by cross-petition, and have it established, in an action for possession based upon a decree upon a junior lien.

*Appeal from Monroe District Court.*—HON. ROBERT SLOAN, Judge.

SATURDAY, DECEMBER 12, 1896.

FEBRUARY 17, 1883, Aaron and William Hicks, being then indebted to plaintiff and others, conveyed to the defendant eight hundred and thirty-five acres of land, and he entered into possession of the same. Suits were brought by creditors of the Hickses, and the land attached, and judgments were entered ordering the sale of the same. Plaintiff's judgment was rendered April 17, 1883, and a judgment in favor of one Casaday, April 19, 1883. May 16, 1883, said Casaday filed a creditors' bill, charging that the conveyance to the defendant herein was fraudulent, and asking that it be canceled, and that the real estate be sold to satisfy his said judgment. Douglass and the Hickses filed an answer admitting the judgment and conveyance, but denying the alleged fraud. November

VOL. 100 Ia—25

10, 1883, plaintiff herein filed a like petition, to which the defendant made answer. Plaintiff herein prosecuted his creditor's bill suit, and on March 4, 1887, secured a decree in conformity to the allegations of his bill. The suit on the Casaday judgment is still pending. The Casaday judgment, however, was assigned to one Steele, and by her to the defendant herein on March 30, 1887. Plaintiff herein enforced his decree by sale of certain lands, for which he received a sheriff's deed on June 15, 1888. He demanded possession thereunder of defendant herein, Douglass, and, being refused, brought this suit on September 27, 1888, to establish his title, and for possession, claiming absolute ownership to the land by virtue of his sheriff's deed. In this suit Douglass claimed title and possession in himself under the deed from the Hickses of date February 17, 1883, and by way of cross-bill pleaded that judgments had been rendered against the Hickses in favor of Casaday, Wallace and Ramsey, and that creditors' bills had been filed thereon, and also pleaded that all of said judgments had been assigned to him, whereby he claimed an equitable lien on said land for the amount of said judgments prior to the lien of plaintiff, Boggs, and asked that Boggs be required to pay said judgments before being allowed to question his (Douglass') title under the deed from the Hickses. This cause was tried March 7, 1891, and a decree entered in the lower court awarding to Douglass the relief prayed in his cross-bill. Boggs appealed, and this court filed an opinion October 9, 1893, in said case. See 89 Iowa, 150 (56 N. W. Rep. 412). A procedendo issued upon the decree, under which the district court found and decreed that the Casaday judgment and creditors' bill thereon, in view of the assignment thereof to Douglass, operated to create a perfect lien in his favor and that he was entitled to the benefit of such

lien, and to be protected in its enforcement; and decreed that said lien is superior, as to the land in controvery, to the lien of plaintiff, by virtue of his sheriff's deed; and foreclosed the lien in favor of Douglass as against plaintiff and the other defendants; and directed the issuance of a special execution thereon for the sale of Aaron Hicks' interest in the land in controversy for the amount of said Casaday judgment, interest and costs, and that the purchaser at said sale should take title to said land free of plaintiff's lien and claim, subject to plaintiff's right of redemption. From this decree, plaintiff appeals.— *Affirmed.* ·

*William A. Nichol* for appellant.

*T. B. Perry* for appellee.

Kinne, J.—Plaintiff contends that the decree entered in the court below is erroneous, because not in accordance with the opinion of this court, to which reference has been made. That opinion found that plaintiff was the holder of the legal title to the land, and entitled to its possession; that such rights were subject to Douglass' right to "enforce the lien created by the Casaday judgment, and the petition in equity filed to enforce it;" that the lien created by said Casaday judgment and creditors' bill was paramount to plaintiff's lien under which he acquired the legal title to the land; that Douglass' lien did not give him the right of possession as against plaintiff, until it had been enforced. Plaintiff, then, was entitled to the possession of the land, subject to the paramount claim of Douglass under the Casaday judgment and creditors' bill, whenever that claim should be legally enforced. So long as the Casaday judgment was in force, and the bill was pending upon it to set aside

the sale from the Hickses to Douglass, and so long as
the latter was the owner of said judgment, he (Doug-
lass) held an enforceable lien against the property;
and if, at any time while it was so held, it ripened into
an execution and sale of the property, the purchaser
thereunder would take a title free and clear of plain-
tiff's claim and lien, because the bill was filed on the
Casaday judgment prior to the time of the filing of the
bill on plaintiff's judgment, and the lien of Douglass
would, therefore, be paramount. But so long as Doug-
lass had an enforceable but unenforced lien, neither
he, nor any one else claiming thereunder, could claim
or hold possession of the premises thereunder, as
against plaintiff. Plaintiff contends that the court
could make no order for the enforcement of the lien
of the Casaday judgment and creditors' bill until a
trial was had thereon, and the fraud alleged in the bill
established by evidence; that, when the opinion speaks
of the right of Douglass to enforce "the lien created
by the Casaday judgment and the petition in equity
to enforce it," it refers to such a trial. It may be
admitted that ordinarily the lien acquired by the filing
of a creditors' bill to set aside a sale on the ground of
fraud is not such as to authorize a court to, without
proper proof of the averments of the bill, order a sale
of the property on the judgment. Here, however, we
have a case where the alleged fraudulent grantee,
Douglass, has become the purchaser of a judgment
upon which a creditors' bill has been filed against him
to set aside the conveyance of the land to him as
fraudulent. He had a right to purchase the Casaday
judgment, and with it he took the liens which had
been created by the filing of the creditors' bill thereon.
See *Bank v. Loomis*, 100 Iowa, 266 (69 N. W. Rep. 443);
also, *Fordyce v. Hicks*, 76 Iowa, 44 (40 N. W. Rep. 80),
wherein the question of the purchase of this and other
judgments is considered. It is there said: "The mere

fact that he is a fraudulent grantee can make no difference. He was the owner of the real estate, and as such he had the right to pay off, or purchase, the indebtedness of his grantors. He could thus pay or obtain all or a part of such indebtedness, and in that way perfect his title against the only parties who could question it." *Smith v. Grimes*, 43 Iowa, 356.

Now, plaintiff's contention amounts to this: That Douglass, who was adjudged in plaintiff's other suit to be a fraudulent grantee of the property, shall, in the creditors' bill filed upon the Casaday judgment, which he (Douglass) now owns, establish that he (Douglass) is a fraudulent grantee, in order to secure the benefit of the payment of the Casaday judgment, which is a paramount lien to plaintiff's, because the bill on the Casaday judgment was first filed. We do not think this is the law. Being the absolute owner of the land as against the whole world except the creditors of the Hickses, he had the right to virtually admit the truth of the allegations of the bill, and purchase the judg- ment. Such lien was in no way connected with or dependent upon the fraudulent conveyance. No claim is made that Douglass colluded with any one to avail himself of the benefit of a judgment which was not in all respects valid and just for the purpose of obtaining a lien prior to that of plaintiff. Why should Douglass, in order to avail himself of the benefit of the Casaday lien, be compelled to go through the farce of a trial? What principle of law prevents him from admitting a fact which he knows could be established by evidence, and thus acting upon it in protecting his title? We discover no reason in such a case for requiring the grantee to establish, in a trial, fraud as against him- self, before he can have the benefit of a prior lien which he has purchased. The opinion of this court does not contemplate or require such procedure in this case. The Casaday lien and creditors' bill was properly

enforced by the decree complained of, which foreclosed the lien, and ordered a sale of the property. The plaintiff's rights are fully preserved by the decree, and he has no just cause of complaint.—Affirmed.