Clendenen Boggs v. Archie Douglass, Appellant.

**Cotenancy.** One tenant in common of land, who ousts the other from possession, is liable for the reasonable rental value of the land, and not merely for the amount which he received therefor.

**Satisfaction of lien.** A judgment plaintiff in lawful possession of land on which his judgment is a lien has no right to apply the rents and profits derived therefrom to the satisfaction of such judgment as against the owner of such land who is not a judgment defendant.

**Judgment: assignment.** The assignee of a judgment acquires no rights which were not possessed by his assignor.

**Transfer to Equity.** A motion to transfer to the equity side of the calendar, an action to recover rents and profits of certain land, is properly overruled, where a judgment assigned to plaintiff, which is a l'en on land and interposed as a defense, does not constitute any defense.

*Appeal from Monroe District Court.*—Hon. T. M. Fee, Judge.

Wednesday, May 11, 1898.

Action to recover rents and profits of certain lands. The defendant alleged he held possession of one tract under a judgment and decree establishing it as a lien, and ordering the sale thereof, and asked that the rents

and profits derived therefrom be applied in satisfaction of the judgment. This relief was denied and he appeals.—*Affirmed.*

*T. B. Perry* for appellant.

*Wm. A. Nichols* for appellee.

LADD, J.—In *Boggs v. Douglass,* 89 Iowa, 150, the title to an undivided one-half of the south one-half of the northeast one-fourth of section 32, in township 7 north, of range 16 west of fifth principal meridian, was adjudged to be in the plaintiff, though subject to the lien of a judgment recovered by Cassady against William and Aaron Hicks, and assigned to the defendant, and that to the other undivided one-half thereof in the defendant. This was one of the judgments considered in *Fordyce v. Hicks,* 76 Iowa, 41, and established as a lien against this land superior to plaintiff's title in *Boggs v. Douglass,* 100 Iowa, 385. It may be mentioned that the plaintiff acquired his title under a sheriff's deed executed in June, 1888. Trimble obtained a judgment against William and Aaron Hicks, and began proceedings to subject this land to its payment after an action for the same purpose had been commenced by Cassady. A decree was entered as prayed, and from the sale thereunder of Aaron Hicks' interest therein the plaintiff redeemed by virtue of a judgment procured by him from Shaw, and received the deed as stated. The defendant acquired title and possession of the land February 17, 1883, under a deed from William and Aaron Hicks, declared fraudulent in the several cases referred to. It will also be observed that the defendant held possession and denied the plaintiff's ownership; thus ousting him as tenant in common. See *Boggs v. Douglass, supra.* He continued in possession from June, 1888, when the plaintiff

acquired title to an undivided one-half, up to the beginning of this action. That he must account for the rents and profits of such half interest is not questioned, but it is asserted on his part that these should be applied to the satisfaction of his judgment. The result of the decree was the establishment of the judgment as a lien on the land, the same as though no conveyance had been made by Hicks to the defendant, and special execution was ordered that the remedy might be effectual. In such a case the creditor obtains no advantage or lien superior to that he would have had in event of no conveyance by the judgment defendant except in so far as acquired by greater diligence in bringing his action. In other words, the conveyance was good against the whole world except the creditors of the grantor, and these gained nothing thereby, and lost nothing if they asserted their rights in apt time. The question involved, then, is whether a judgment plaintiff in lawful possession of lands on which his judgment is a lien has the right to apply the rents and profits derived therefrom to the satisfaction of that judgment as against the owner thereof, not a judgment defendant. The appellant bases his claim of such right on a supposed analogy with a mortgagee in possession. Where the common-law doctrine prevails, the estate is vested in the mortgagee, and he may take possession on condition broken (in some of the states before this occurs), and apply the rents collected on the mortgage debt. 1 Jones, Mortgages, section 702; 3 Pomeroy, Equity Jurisprudence, section 1187. In Iowa the equitable theory prevails, and the title remains in the mortgagor. *Hall v. Savill*, 3 G. Greene, 37; *Courtney v. Carr*, 6 Iowa, 238; *White v. Rittenmyer*, 30 Iowa, 268; Code, section 2922. The mortgage is a mere lien or charge on the land as security of the debt. *Newman v. De Lorimor*, 19 Iowa, 244; *McHenry v. Cooper*, 27 Iowa, 137. It is incident to

the debt, and upon the death of the mortgagee, being personal property, goes to the personal representatives, while the estate of the mortgagor, being real property, descends to the heirs. *White v. Rittenmyer, supra.* It can only be enforced by equitable proceedings. Code, section 3427; *Clough v. Seay*, 49 Iowa, 111. But the mortgagee obtains such an interest in real estate that he is a purchaser, within the meaning of the recording act. *Porter v. Greene*, 4 Iowa, 571; *Seevers v. Delashmutt*, 11 Iowa, 174; *Hewitt v. Rankin*, 41 Iowa, 35; *Koon v. Tramel*, 71 Iowa, 132; *In re Gill's Estate*, 79 Iowa, 296; *Weare v. Williams*, 85 Iowa, 253. It is well settled under the authorities that the mortgagee cannot maintain an action in ejectment against the mortgagor, but in some states it is held that, where the mortgagee obtains possession by any lawful means or enters therein with the assent of the mortgagor, without a definite time being fixed to continue therein, he may retain possession until his mortgage debt is paid. *Frink v. Le Roy*, 49 Cal. 314; *Roberts v. Sutherlin*, 4 Or. 219; *Packer v. Railway Co.*, 17 N. Y. 283; *Hennesy v. Farrell*, 20 Wis. 46; 3 Pomeroy, Equity Jurisprudence, section 1189. But lawful possession, as against the true owner, can only be obtained by his consent, expressed or implied. Surely, the mortgagor may place the mortgagee in possession, and thereby avoid the expenses of foreclosure; and if, in so doing, the duration of that possession is not limited, the intention that it continue until the debt is paid is the only reasonable, as it is the natural, inference to be drawn from the transaction. *Russell v. Ely*, 2 Black, 575; *Johnson v. Sherman*, 76 Am. Dec. 481; *Newton v. McKay*, 30 Mich. 380; *Morrow v. Morgan*, 48 Tex. 304. The possession is not by virtue of the mortgage, however, but the agreement of the parties to it. *White v. Rittenmeyer*, 30 Iowa, 268, is not opposed to this conclusion, as there, not the

rights of the mortgagee in possession, but the waiver thereof, was involved. The defendant entered into possession for the purpose of defeating the payment of the judgment he now owns. He obtained possession under a fraudulent conveyance, not an agreement, expressed or implied, to use the rents in satisfaction of a lien, but in order to defeat its enforcement. The title of the plaintiff was acquired in spite of the utmost opposition of the defendant, and in satisfaction of a judgment his conveyance was intended to defeat. In such a case there is no room for inference of consent. The very opposite is shown. The mere assignment of the judgment to him did not change the status of the parties, and he acquired no right not possessed by his assignor. If the alleged analogy then be conceded, the defendant did not acquire the right to apply the rents in payment of his judgment. We have considered the case in line with the arguments, and must not be understood as holding such analogy exists, or that the rules relating to a mortgagee in possession have any application to the owner of a mere judgment owner similarly situated.

II. As the judgment constitutes no defense to the plaintiff's action for the rents, the motion to transfer to the equity side of the calendar was properly overruled. It was immaterial whether plaintiff received the rents of the west one-half of the northwest one-fourth of section 33 after March, 1891, because he only asked recovery therefor up to that time.

III. As the defendant had ousted the plaintiff of possession, he was liable for the reasonable rental value of the land, and not merely for the amount he received therefor. We find no error in the record, and the judgment must be affirmed.

AFFIRMED.