MARGARET BONBRIGHT, Appellee, v. STEPHEN S. BON-
BRIGHT, *et al.,* A. L. STEELE, Temporary Administra-
tor, Appellants.

**Limitation of Actions.**  Where by the terms of a contract a certain
1    sum is to be paid within a specified time, and to secure the
same a demand note is given though not accepted in satisfac-
tion of the contract, the statute of limitations commences at
maturity of the contract and not from the date of the demand
note.

**Reformation of Contract:**  MISTAKE OF LAW.  A contract may be re-
2    formed though the mistake therein through which the same
fails to express the intent of the parties, is one of law.

*Appeal from Polk District Court.*—HON. A. H. McVEY,
Judge.

FRIDAY, MARCH 11, 1904.

SUIT in equity to enforce a marriage settlement.  Judg-
ment and decree for plaintiff, and defendants appeal.—
*Affirmed.*

*Dowell & Parish* for appellants.

*Dudley & Coffin* for appellee.

Deemer, C. J.—November 6, 1889, plaintiff was mar-
ried to John S. Bonbright, now deceased.  Prior to the cele-
bration of the marriage the parties entered into an antenup-
tial contract, whereby the deceased promised that he would,
in consideration of the marriage, and within two years from
November 4, 1889, assign, set over, and transfer to the plain-
tiff the full sum of $10,000 in lawful money of the United
States, to be and remain for her sole use and benefit abso-
lutely as if she were a *feme sole*.  Th agreement further pro-
vided: "It is hereby agreed by the said party of the first part
that he will immediately upon the examination of these pres-
ents make and execute under seal a judgment note to her the
said party of the second part for the said sum of ten thou-
sand dollars at legal interest according to the laws of the
state of Iowa, upon said note to be held by her the said party
of the second part shall be endorsed all payments made in and
by virtue of this agreement, until such time as the sum of ten
thousand dollars shall be fully paid and so endorsed, upon
which the said note shall be surrendered to the said party of
the first part.  And it is further agreed and understood that
this agreement and all the provisions and stipulations thereof
shall be binding upon and a lien upon all property that may
at any time hereafter be acquired by him the party of the
first part and shall remain a lien thereupon until such time
as the full sum of ten thousand dollars shall have been paid
unto her the said party of the second part as herein before
provided.  It is also further agreed that this agreement shall
be as binding and mutually effective upon the heirs, execu-
tors and administrators of the said parties of the first and
second part to this agreement, as upon the said parties them-
selves."  A judgment note for the sum of $10,000, payable
on demand, was executed and delivered to plaintiff in accord
with the terms of this agreement.  This action is on said an-
tenuptial agreement, to have the amount due thereon ascer-
tained, and to establish a lien for the amount thereof against
the real property of which John S. Bonbright died seised.

Reformation of the antenuptial contract so as to make it a lien upon all the property of the said John S. Bonbright owned by him at the time the contract was executed, as well as that subsequently acquired, was also asked. The heirs of John S. Bonbright and his administrator were made parties defendant. They appeared and answered, saying that they had neither knowledge nor information sufficient to form a belief as to most of the allegations of plaintiff's petition; denied that the antenuptial contract created a lien on John S. Bonbright's property, or that it was intended by the parties that it should; pleaded a satisfaction of the antenuptial agreement by payment; and also averred that whatever indebtedness was created by the contract and note was barred by the statute of limitations. The trial court so reformed the contract as to make the amount thereby settled upon plaintiff a lien upon property then owned or that might thereafter be acquired by the said John S. Bonbright, found that there was due thereupon the sum of $15,615, and established the same as a lien against the property of which he died seised. The property was ordered sold, and it was further provided that, if the same did not sell for enough to satisfy the amount found due, the balance should stand as a proven claim against the estate of John S. Bonbright. The appeal is from this decree.

The property involved in this controversy was occupied by plaintiff and her husband as a homestead. Appellants contend that the trial court was in error in reforming the contract, and that, in any event, the action is barred by the ten-year statute of limitations, which applies to actions on all written contracts. They argue the case as if the action were upon the judgment note to which we have called attention. If this premise were correct, there would be no doubt that the action is barred. A note payable on demand is barred if action be not brought thereon within ten years from its date. The payee of such instrument cannot postpone the running of the statute by failure to make demand. *Reizenstein v.*

1. LIMITATION of actions.

*Marquardt,* 75 Iowa, 294, and cases cited. But the action is not upon the note. The note was executed simply as an evidence of the indebtedness, and was not accepted by plaintiff as in performance of the antenuptial contract. Manifestly, it was not intended as anything more than security for the performance of the obligation created by the antenuptial contract. At most it was merely collateral thereto, and the acceptance thereof did not absolve the obligation to make settlement of so much money within two years from the date of the antenuptial contract. In other words, it was neither executed nor accepted as in performance of that obligation. Had it been so accepted, then, of course, the delivery thereof would have constituted a satisfaction of that agreement of settlement; but the agreement itself indicates that it was not so intended. This being true, the plaintiff might well bring her action on the contract for the amount agreed to be settled upon her, and her action thereon is not barred for the reason that her husband had two years from the date thereof within which to perform, and the cause of action did not accrue until the expiration of this two years. In other words, this action is not upon the note, but upon the contract, and under the circumstances plaintiff might very well ignore the note, which to say the most, was nothing more than security, and bring her suit upon the instrument which created the obligation. All that she was required to do was to surrender the note when fully paid. This she has offered to do in this action, and this is all that is required of her. These instruments must be construed together, and when so construed there is little difficulty in arriving at a correct solution. If plaintiff had accepted the note as final performance of her husband's obligation, no doubt this action would be barred; but the written instruments, when construed together, and in the light of admissible extrinsic evidence, clearly negative the thought that this note was intended to be in satisfaction of the antenuptial contract.

II. Reformation of the contract by the trial court is complained of first, because there was not sufficient evidence

on which to base such relief, and, second, because the mistake, if there was one, was of law, and not of fact. It is now well settled in this state that a court of equity will reform a contract even where, through mistake of law, it does not express the true intent of the parties thereto. *Bottorff v. Lewis,* 121 Iowa, 27; *Hausbrandt v. Hofler,* 117 Iowa, 103. The evidence is amply sufficient to justify a reformation of the contract as prayed and as decreed by the trial court. There is no doubt that John S. Bonbright intended to give his future wife a lien upon all the real property he then owned, as well as upon all he should thereafter acquire, but by mistake of the scrivener the words chosen did not fully express his intent. Moreover, the parties at all times understood the contract to mean just what the trial court said should have been written therein. That it created a lien on all of John S. Bonbright's property whensoever acquired was fully believed by the parties thereto. John S. Bonbright did not acquire any property after his marriage. He owned the homestead in controversy at the time he married the plaintiff, and we are abidingly satisfied that he intended to create a lien thereon in favor of the plaintiff. Finding, as we do, that the contract should be so reformed as to make the amount agreed to be settled upon plaintiff a lien upon John S. Bonbright's property either owned at the time of the marriage or subsequently acquired, there is no difficulty with the case. One of the provisions of the antenuptial contract makes the amount agreed to be paid the plaintiff a lien upon the property until the full sum of $10,000 should have been paid as therein provided. Plaintiff has at all times been in the possession of this property, and is entitled to continue therein until the full debt has been paid. *Boggs v. Douglass,* 105 Iowa, 344. No point is made regarding the homestead character of the property; hence we do not consider that fact in disposing of the case.

The decree seems to be right, and it is AFFIRMED.

*(Marginal note: 2. REFORMATION of contract: mistake of law.)*